SCHAFRAN & FINKEL, INC., Appellant, *v.* M. LOWENSTEIN & SONS, INC., Respondent.

First Department, May 20, 1938.

*Demarest J. Hahn* of counsel [*William V. Homans* with him on the brief; attorney], for the appellant.

*Irving D. Lipkowitz* of counsel [*William Hughes Lewis* with him on the brief], for the respondent.

*Osmond K. Fraenkel, John K. Watson* and *Julius Henry Cohen*, as *amici curiæ* on behalf of American Arbitration Association, General Arbitration Council of the Textile Industry, and Chamber of Commerce of the State of New York, respectively.

DORE, J.  Plaintiff brings this action to enjoin defendant from further prosecuting its pending proceeding to confirm an award of arbitrators and to obtain a judgment declaring that no valid contract to arbitrate exists between the parties.

Defendant's contention, sustained by the learned Special Term, is that an independent action in equity does not lie to restrain the

prosecution of an application to confirm an arbitrators' award made pursuant to the provisions of article 84 of the Civil Practice Act.

By chapter 341 of the Laws of 1937, in effect September 1, 1937, article 84 of the Civil Practice Act (§§ 1448–1469) was very materially amended and the former " Arbitration Law " was repealed. Prior to the enactment of present section 1458 of the Civil Practice Act the matters therein dealt with were contained in section 4-a of the Arbitration Law and under the provisions of that section one objecting that he was not bound by a contract to arbitrate was permitted to raise such objection at any time prior to final judgment. (*Finsilver, Still & Moss* v. *Goldberg, M. & Co.*, 253 N. Y. 382.) This gave the unwilling party an advantageous position in that a decision by the arbitrators favorable to him would be conclusive while an adverse determination would still be subject to attack on the claim that there was no valid agreement. Section 1458 of the Civil Practice Act, which relates to the enforcibility of the award under the new act, expressly provides for raising and determining issues as to the existence of the contract at various stages in the arbitration proceeding. Under subdivision 2 of that section one who has not participated in the selection of the arbitrators or the proceedings had before them and who has not made or been served with an application to compel arbitration, may put in issue the making of the contract either by a motion for a stay of the arbitration or in opposition to the confirmation of the award; if, however, notice shall have been personally served upon such party of an intention to conduct the arbitration then the issues specified in the subdivision " may be raised *only* by a motion for a stay of the arbitration, notice of which motion must be served within ten days after the service of the notice of intention to arbitrate." (Italics mine.) The section further provides that where such opposing party either on a motion for a stay or in opposition to the confirmation of the award sets forth evidentiary facts raising a substantial issue as to the making of the contract, or submission or failure to comply therewith, an immediate trial shall be had and such party may demand a jury trial and if unsuccessful he may nevertheless participate in the arbitration if it is still being conducted.

Plaintiff contends that section 1458 of the Civil Practice Act is unconstitutional; that the procedure provided by subdivision 2 of said section is not exclusive; and that the ten days' notice of motion is so inadequate in point of time as to contravene the constitutional provisions relating to due process.

The authority of the Legislature to prescribe the length of notice is not absolute and beyond review, but only in a clear case will a notice authorized by the Legislature be set aside as wholly ineffectual on account of the shortness of time, and in testing the sufficiency of the notice regard should be had to the probable necessities of ordinary cases. (*Bellingham Bay & B. C. R. R. Co.* v. *New Whatcom,* 172 U. S. 315.) In that case a ten-day period of constructive notice by publication was sustained. The notice required would probably be more effective in affording opportunity to protect the rights of the respective parties if the statute required the party serving the notice to include a statement that the notice was being served pursuant to subdivision 2 of section 1458 of the Civil Practice Act and that if the person served desired to raise any issue as to the making of the contract on any issue mentioned in section 1458 of the Civil Practice Act, such issues could be raised only by a motion made by the person served, notice of which must be served within ten days after the service of the notice of intention to arbitrate. We cannot, however, say that the written notice claimed by defendant to have been personally served on plaintiff December 8, 1937, did not sufficiently put plaintiff on notice. Reference to the statute is not now prescribed; every one is presumed to know the law and is chargeable with knowledge of a statute altering existing laws whereby remedies may be affected.

Article 84 provides a comprehensive plan and procedure for the conduct of arbitration proceedings. It makes the arbitration of a controversy a special proceeding and provides that any application to the court under the article shall be made and heard in the manner provided by law for the making and hearing of motions except as otherwise expressly provided. (Civ. Prac. Act, § 1459.)

We are of the opinion that section 1469 of said article did not reserve a right of action by injunction for the purpose of raising the issue of the making of the contract. Under the provisions of section 1458 an adequate remedy is provided whereby such issue may be raised and tried either before the court or before the court and a jury, if timely application is made.

Subdivision 2 of section 1458 of the Civil Practice Act is constitutional and the procedure therein provided is mandatory and exclusive. The procedure here attempted by plaintiff of bringing an independent suit in equity for injunctive relief and to avoid the award on the ground no contract existed is, on the facts disclosed, prohibited by the present statute, and plaintiff's complaint was properly dismissed.

The alleged contract was made on June 29, 1937. Article 84, as amended, did not go into effect until September 1, 1937. The notice

of intention to arbitrate was served December 8, 1937, after the new act had been passed. We hold that the section considered herein is applicable to contracts existing at the time of its enactment but not to actions thereon then pending. (*Matter of Berkovitz* v. *Arbib & Houlberg*, 230 N. Y. 261.)

Section 1458 of the Civil Practice Act requires personal service of the notice of intention to arbitrate. Under the present statute any claim that the notice of intention to conduct the arbitration pursuant to the provisions of the contract specified therein was not personally served as required can be asserted and determined in opposition to the application to confirm the award.

In the case at bar any issue that might arise on a purported service without the State is not presented or considered.

The order and judgment appealed from should be affirmed, with costs.

MARTIN, P. J., O'MALLEY and CALLAHAN, JJ., concur; COHN, J., dissents.

COHN, J. (dissenting). I am unable to agree with the majority view that the procedure outlined in the provisions of subdivision 2 of section 1458 of the Civil Practice Act is exclusive. Nowhere does it appear in the statute that the remedy of a party who claims never to have made a contract must be confined within the arbitration proceeding itself. It is merely permissive. If it were the intention of the Legislature to limit the issue of the non-existence of a contract solely to the arbitration proceeding, it would have been a simple matter to have so stated in the law. It is entirely unreasonable to assume that in enacting the amendments to article 84 of the Civil Practice Act the Legislature intended that a party who had never made a contract either to buy merchandise or to arbitrate any dispute and who has declined or omitted to take steps to upset the arbitration proceedings within ten days after service upon him of a notice of intention to arbitrate, is to have forced upon him by operation of law a contract which he never made. Indeed, the statute itself expressly preserves the right to institute this independent action in equity to determine questions such as are involved here. (Civ. Prac. Act, § 1469.)

Upon an appeal from an order dismissing a complaint for insufficiency under rule 106 of the Rules of Civil Practice, we must accept as true each allegation of the complaint. (*National City Bank of N. Y.* v. *Waggoner*, 230 App. Div. 88, 89; affd., 255 N. Y. 527.) Here plaintiff states that it never entered into a contract for the sale of merchandise with defendant and that it at no time agreed

to arbitrate any disputes. The following letter, it is alleged, was delivered to plaintiff:

> "IRVING D. LIPKOWITZ,
> Attorney at Law
>
> "270 Broadway,
> New York City.
>
> "*December 8th, 1937.*

"SCHAFRAN & FINKEL, INC.,
No. 283-5-7 Grand Street,
New York City.

"DEAR SIRS: Please be advised that the undersigned, M. Lowenstein & Sons, Inc., of Nos. 37-45 Leonard Street, New York City, hereby demands, pursuant to the provisions of the written agreement between said M. Lowenstein & Sons, Inc., and yourselves, dated June 29, 1937, that you submit to arbitration before the General Arbitration Council of the Textile Industry of No. 320 Broadway, New York City, the controversy arising out of your failure and refusal to accept the goods called for by said agreement.

"Upon said arbitration M. Lowenstein & Sons, Inc., will request that you be directed to pay to it the sum of $1,500 with interest thereon, representing the difference between the contract price and the market price of said goods at the time of your refusal to accept the same.

"You are hereby notified that it is the intention of M. Lowenstein & Sons, Inc., to conduct such arbitration pursuant to the provisions of the said agreement dated June 29, 1937. To that end a copy of said agreement and this notice and demand will be filed with the General Arbitration Council of the Textile Industry, with the request that it proceed to put its rules into effect.

> "Very truly yours,
> "M. LOWENSTEIN & SONS, INC.
> "By IRVING D. LIPKOWITZ (Sgd)
> "*Attorney.*"

The complaint then alleges that defendant proceeded to arbitration and that award was made against plaintiff, although plaintiff in no wise participated, and that a proceeding is pending in the Supreme Court to confirm the award. The pleading then states that plaintiff is without remedy at law and that the confirmation procedure will deprive it of its day in court and of property in violation of the Federal and of the State Constitution. The judgment demanded is for the necessary injunctive relief and a declaratory judgment proclaiming that no contract exists between the parties.

The notice contained in the letter literally complied with the requirements of the statute (Civ. Prac. Act, § 1458, subd. 2), for it was a notice " of an intention to conduct the arbitration pursuant to the provisions of a contract or submission specified " in the notice. However, the notice provided for by statute is wholly inadequate and insufficient. That is best illustrated by the facts set forth in this complaint. Here plaintiff, a merchant, was, it may be assumed *arguendo*, personally served with a lawyer's letter demanding that it submit to arbitration a controversy arising out of a contract which plaintiff never had made. The notice did not sufficiently inform plaintiff of the claim to be asserted; it gave not the slightest intimation that if plaintiff ignored the letter it would afterwards be obligated by a court order to pay the sum of $1,500 to defendant. No reference is found in the letter to any statutory provision under which it is claimed that plaintiff would forfeit its rights if it did not proceed as required within the ten days prescribed by statute. The communication was not a process of the court; it did not specify a time when or a place where the party served was required to appear and defend itself, nor did it set forth any penalty for plaintiff's default upon failure to appear.

Plaintiff's omission to move for a stay of the arbitration proceeding within ten days after receipt of such a letter from a lawyer furnishes no sound basis in law for debarring it of a fair opportunity to prove that it had never made any contract with defendant and that it had never made any agreement to submit to arbitration any controversy with defendant.

The statute, in failing to make provision for a reasonable notice which fairly apprises a party of what proceeding is being taken against him and which does not afford the party a fair opportunity to defend, is repugnant to the due process provisions of our State and Federal Constitutions. (U. S. Const. 14th Amendt.; N. Y. State Const. art. 1, § 6; 2 Cooley's Constitutional Limitations [8th ed.], p. 757; *Coe* v. *Armour Fertilizer Works*, 237 U. S. 413, 422, 423; *Finsilver, Still & Moss* v. *Goldberg, M. & Co.*, 253 N. Y. 382.)

The complaint here sets forth all necessary facts in support of its demand for injunctive relief to stay defendant from entering any judgment pursuant to the award and for a declaratory judgment that no valid contract exists between the parties. The pleading states a good cause of action and it should not have been dismissed. In the circumstances, the court has jurisdiction to enjoin the prosecution of the arbitration proceeding. (*Colson* v. *Pelgram*, 259 N. Y. 370, 375.) " Practically any facts which show it to be against conscience to enforce the award, or the judgment on it,

and which could not have been taken advantage of at law, will authorize equitable interference." (6 C. J. S., Arbitration and Award, § 109, p. 256.)

The order denying the motion for a temporary injunction should be reversed and the motion granted; the order granting the cross-motion to dismiss the complaint and the judgment thereon should be reversed, and the motion to dismiss the complaint should be denied.

Order and judgment affirmed, with costs.