SCHAFRAN & FINKEL, INC., Appellant, *v.* M. LOWENSTEIN & SONS, INC., Respondent.

Submitted January 4, 1939; decided March 7, 1939.

*Morton Milman* and *Charles Eno* for appellant. In the absence of a contract expressing a consent to arbitrate, the arbitration award is an act of usurpation and an utter nullity. (*National City Bank* v. *Waggoner,* 230 App. Div. 88; 255 N. Y. 527; *Finsilver, Still & Moss* v. *Goldberg M. & Co.,* 253 N. Y. 382; *Matter of Fang,* 227 App. Div. 766.) Section 1458 of the Civil Practice Act does not prescribe the sole and exclusive remedy of a party who claims never to have made a contract; but on the contrary, the right to institute an independent action in equity is expressly preserved in section 1469. (*Jenkins* v. *Putnam,* 106 N. Y. 272; *Talmadge* v. *Third Nat. Bank,* 91 N. Y. 531; *Finsilver, Still & Moss* v. *Goldberg M. & Co.,* 253 N. Y. 382; *O'Connell* v. *Gallagher,* 104 App. Div. 492; *Julian* v. *Woolsey,* 87 Hun, 326; 147 N. Y. 722.) Defendant's purported notice of intention to arbitrate, allegedly served upon plaintiff, is jurisdictionally inadequate to satisfy the constitutional requirements of due process. (*Truax* v. *Corrigan,* 257 U. S.

312; *Clarksburg-Columbus Short Route Bridge Co.* v. *Woodring*, 89 Fed. Rep. [2d] 788; *Boynton* v. *Moffat Tunnel Imp. Dist.*, 57 Fed. Rep. [2d] 772; *Lacher* v. *Venus*, 177 Wis. 588; *Ekern* v. *McGovern*, 154 Wis. 157.) The court has jurisdiction to grant the injunctive and declaratory relief prayed for in the complaint. (*Colson* v. *Pelgram*, 259 N. Y. 370; *Matter of Fenster*, 234 App. Div. 868; *Kanter* v. *Bloom Co.*, 144 Misc. Rep. 602; *Burnside* v. *Whitney*, 21 N. Y. 148; *Bissell* v. *Morgan*, 56 Barb. 369; *La Hay, Inc.*, v. *Pathe Exchange, Inc.*, 237 App. Div. 468; 262 N. Y. 483.)

*Irving D. Lipkowitz* and *William Hughes Lewis* for respondent. Under the circumstances an independent action in equity does not lie to try questions relating to the making of the agreement or the arbitrators' award. (*Kanter* v. *Bloom Co.*, 144 Misc. Rep. 602; *Savage* v *Allen*, 54 N. Y. 458; *Wallack* v. *Society for Reformation*, 67 N. Y. 23; *Colson* v. *Pelgram*, 259 N. Y. 370; *Rosenberg* v. *Mt. Carmel Cemetery Assn.*, 244 N. Y. 573; *Boston & Maine R. R.* v. *Delaware & Hudson Co.*, 268 N. Y. 382.) The provisions of section 1458 of the Civil Practice Act are mandatory and not permissive. Plaintiff's failure to avail itself of the remedies there provided affords no basis for equitable relief. (*People* v. *Norwegian Underwriters*, 139 Misc. Rep. 70; *103 Park Ave. Co.* v. *Exchange Buffet Corp.*, 242 N. Y. 366; *Archer* v. *Equitable Life Assur. Society*, 218 N. Y. 18; *Matter of Bowne* v. *Bowne Co.*, 221 N. Y. 28; *Drew* v. *Village of White Plains*, 157 App. Div. 394; *Matter of Dwyer*, 192 App. Div. 72; *Schroeppell* v. *Shaw*, 3 N. Y. 446; *Colombe* v. *City of Niagara Falls*, 162 Misc. Rep. 592; *Akin* v. *Kellogg*, 119 N. Y. 441.) Section 1458 of the Civil Practice Act is constitutional. (*Bellingham Bay & B. C. R. R. Co.* v. *New Whatcom*, 172 U. S. 314.) The notice prescribed by section 1458, personally served upon plaintiff, satisfies the constitutional requirements of due process. (*Bellingham Bay & B. C. R. R. Co.* v. *New Whatcom*, 172 U. S. 314; *Akin* v. *Kellogg*, 119 N. Y. 441.)

*John S. Harrison, Osmond K. Fraenkel, John K. Watson, Julius Henry Cohen* and *Robert R. Bruce* for American Arbitration Association *et al., amici curiæ.* The case presents no ground for equitable relief. (*Akin* v. *Kellogg,* 119 N. Y. 441; *Schroeppell* v. *Shaw,* 3 N. Y. 446; *Hahl* v. *Sugo,* 169 N. Y. 109; *Colson* v. *Pelgram,* 259 N. Y. 370; *Kanter* v. *Bloom Co.,* 144 Misc. Rep. 602.) Section 1458 of the Civil Practice Act is constitutional. (*Louisville & Nashville R. R. Co.* v. *Schmidt,* 177 U. S. 230; *Simon* v. *Craft,* 182 U. S. 427; *Holmes* v. *Conway,* 241 U. S. 624; *Bellingham Bay & B. C. R. R. Co.* v. *New Whatcom,* 172 U. S. 314; *People ex rel. Simpson* v. *Wells,* 181 N. Y. 252; *York* v. *Texas,* 137 U. S. 15; *People ex rel. Witherbee* v. *Supervisors,* 70 N. Y. 228.)

CRANE, Ch. J. This appeal presents a drastic rule, if it be legal, relating to arbitration. One who has never made a contract to arbitrate, upon receiving an informal letter directing him to arbitrate a purchase of goods which he never made, may be mulcted in damages by an award unless, within ten days after receiving such notice, he applies to the court for an injunction or a stay. Should the notice have been misunderstood or too vague and indefinite or, if through a mistake or unavoidable lapse of time, a party cannot or does not reach a judge within the ten days, there is absolutely no relief, not even in a court of equity.

The facts, briefly, are these, taking, as we must, the allegations of the complaint at their face value. The plaintiff, on October 29, 1937, received from the defendant an invoice for goods alleged to have been sold to Schafran & Finkel. On November 1, 1937, the plaintiff notified the defendant that it had never ordered any merchandise nor received any merchandise, and was returning the invoice. On December 8, 1937, there was delivered at the office of Schafran & Finkel, Inc., the following letter:

" DEAR SIRS: Please be advised that the undersigned, M. Lowenstein & Sons, Inc., of Nos. 37-45 Leonard Street,

New York City, hereby demands, pursuant to the provisions of the written agreement between said M. Lowenstein & Sons, Inc. and yourselves, dated June 29, 1937, that you submit to arbitration before the General Arbitration Council of the Textile Industry of No. 320 Broadway, New York City, the controversy arising out of your failure and refusal to accept the goods called for by said agreement.

" Upon said arbitration M. Lowenstein & Sons, Inc., will request that you be directed to pay to it the sum of $1,500 with interest thereon, representing the difference between the contract price and the market price of said goods at the time of your refusal to accept the same.

" You are hereby notified that it is the intention of M. Lowenstein & Sons, Inc. to conduct such arbitration pursuant to the provisions of the said agreement dated June 29, 1937. To that end a copy of said agreement and this notice and demand will be filed with the General Arbitration Council of the Textile Industry, with the request that it proceed to put its rules into effect.

" Very truly yours,
" M. LOWENSTEIN & SONS, INC.
" By IRVING D. LIPKOWITZ (Sgd)
" Attorney."

Apparently no attention was paid to it. The plaintiff did not buy goods of the defendant; it did not agree to any submission to arbitration; it signed no contract to arbitrate; in fact, the alleged agreement of arbitration contained in the record is a paper relating to the sale of merchandise signed solely by M. Lowenstein & Sons, Inc. Later, in January of 1938, the plaintiff was notified that an award had been made against it of $1,500, and that a motion would be made at Special Term of the Supreme Court on the 28th day of January, 1938, to confirm the award and directing entry of judgment for the amount.

The plaintiff finds itself in this position: under the arbitration law, as it stands, it has no relief whatever, for, on the motion to confirm, it cannot plead or show lack of

jurisdiction, or that no contract was entered into, or any equities requiring relief. The plaintiff is also barred by the decisions below from maintaining any action in equity to meet the situation. In other words, the plaintiff lost all rights of a litigant, either at law or in equity, or in the arbitration proceeding, when it failed to meet the lawyer's letter or notice to apply to the Supreme Court for a stay or injunction. We doubt very much whether article 84 of the Civil Practice Act, relating to arbitration, intended to go as far as this, or whether it would be constitutional, to deprive one of property upon such informal notice as the lawyer's letter in this case.

The plaintiff, faced with this situation, brought an action in equity to restrain the entry of any judgment upon the alleged award, for the reasons here stated; the defendant countermoved by asking that the complaint be dismissed as not stating a cause of action. The complaint has been dismissed on the ground that no remedy whatever existed, except that provided by the arbitration law. This, we think, is error.

The arbitration law, as it exists today, says this: " Two or more persons * * * may contract to settle by arbitration a controversy thereafter arising between them and such submission or contract shall be valid, enforceable and irrevocable, *save upon such grounds as exist at law or in equity for the revocation of any contract."* (Civ. Prac. Act, § 1448.)

Now we turn to section 1458, added by the Laws of 1937, chapter 341, in effect September first of that year.

" An award shall be valid and enforceable * * * without previous adjudication of the existence of a submission or contract to arbitrate, subject, nevertheless, to the provisions of this section:

" 2. A party who has not participated in the selection of the arbitrators * * * and who has not made or been served with an application to compel arbitration under section fourteen hundred fifty may also put in issue the making of the contract * * * either by a motion for a stay.

of the arbitration or in opposition to the confirmation of the award. If a notice shall have been personally served upon such party of an intention to conduct the arbitration pursuant to the provisions of a contract or submission specified in such notice, then the issues specified in this subdivision may be raised only by a motion for a stay of the arbitration, notice of which motion must be served within ten days after the service of the notice of intention to arbitrate."

By section 1462 of the Civil Practice Act a motion to vacate an award may be made:

" 5. If there was no valid submission or contract, and the objection has been raised under the conditions set forth in section fourteen hundred fifty-eight."

There is a saving clause, however, to this arbitration article, found in section 1469, which reads:

" This article does not affect any right of action in affirmance, disaffirmance, or for the modification of a submission or contract, made either as prescribed in this article or otherwise, or upon an instrument collateral thereto, or upon an award made or purporting to be made in pursuance thereof. And, except as otherwise expressly prescribed therein, this article does not affect a submission or contract, made otherwise than as prescribed therein, or any proceedings taken pursuant to such a submission or contract, or any instrument collateral thereto."

These are the pertinent provisions of this arbitration article, and may be summarized as follows: A party who has not been served with an application to compel arbitration may put in issue the making of the contract in opposition to the confirmation of the award, but a person who has been personally served with a notice of an intention to conduct arbitration, pursuant to the provisions of a contract, can only put in issue the making of the contract by a motion for a stay, notice of which must be served within ten days after the service of the notice of intention to arbitrate. Unless this notice is served within ten days, then, according to section 1462, the award may not be set aside on the ground that there was no valid contract. Thus, the one and only move that may be made by a person

who signed no contract, is to apply to the court for a stay and, if he fails to move within the ten days, he is thereafter prevented from bringing any action or any proceeding in equity to be relieved of his default, or question the validity of the contract.

If the plaintiff made no contract to submit, or signed and executed no submission to arbitrate, how, by any possibility, can it be bound by an award of arbitrators who had no jurisdiction? (*Finsilver, Still & Moss* v. *Goldberg, Maas & Co.*, 253 N. Y. 382.) The answer, as given by the respondent in the court below, is, " The Lipkowitz letter." It was personally served; the plaintiff failed to go to court for a stay within ten days, and, therefore, is barred from ever raising the question of jurisdiction of the arbitrators or the lack of any contract to arbitrate. If this be the meaning of the law, it fails, for lack of due process. Other statutes which provide that a money judgment may be taken against a man unless he makes a move require far more specific notice. Title II of the New York City Municipal Court Code (Laws of 1915, ch. 279) furnishes a good example. There it is provided that a summons may be served stating the amount for which demand is made, and that in default of an answer judgment will be taken. (See, also, Rules Civ. Prac., rule 46.) The form of the summons is given and the notice is specific as to what the defendant must do. The clerk of the court issues the summons, which is uniform in all cases, except as to the amount and the nature of the transaction. Here is a process of the court, notifying that a judgment results in case of default; here is an opportunity to answer and be heard, after due notice. This constitutes due process of law.

What have we in the arbitration case? Section 1458 of the Civil Practice Act simply says a notice shall be personally served of an intention to conduct an arbitration, pursuant to the provisions of a contract. It does not give the form of notice nor require time and place and consequences of a default to be stated, nor that the notice should tell what should or must be done. A mere letter from a lawyer saying he demands arbitration of a contract before some

board seems to be sufficient — nothing more. And the consequence? If the party does not proceed to get a stay within ten days no court of equity nor any other court can afford him any relief; and all this in face of the fact that he never made any contract to arbitrate. This is going too far, in my estimation.

For instance, in this case the plaintiff writes that it never ordered any such goods as it had been billed for. A lawyer thereupon writes a letter demanding that the plaintiff submit to arbitration before the General Arbitration Council of the Textile Industry, at 320 Broadway, of the controversy arising out of a failure to accept goods. He further says in his letter that $1,500 is demanded. This is the extent of the notice. This is no way to conduct a proceeding resulting in a money judgment. The notice should state where and at what time the party is to proceed and the consequences of his failure to act as the law specifies. We do not say that all these things are necessary, but we do say that the proceedings for arbitration cannot be left so vague and uncertain that people may be mulcted in judgment without being sufficiently warned of their rights. The notice here was insufficient, and the plaintiff cannot be deprived of an opportunity to show that it never entered into any contract at all to arbitrate. Awards cannot stand upon such flimsy procedure. Under these circumstances the plaintiff's cause of action to set this award aside or to restrain further proceedings should not have been dismissed. Equity can afford relief if that under the arbitration law has failed. We review upon this appeal only the judgment of dismissal. The court at Special Term must determine whether the plaintiff has shown facts sufficient to entitle him to an injunction either permanent or temporary.

For these reasons the judgments should be reversed, with costs in all courts, and the motion of the defendant to dismiss the complaint denied. (See 280 N. Y. 687.)

LEHMAN, O'BRIEN, HUBBS, LOUGHRAN, FINCH and RIPPEY, JJ., concur.

Judgments reversed, etc.