In the Matter of HESSLEIN & Co., INC., Respondent,
against MAURICE E. GREENFIELD et al., Individually
and as Copartners under the Names of THE PETER PAN
Co. and M. E. GREENFIELD Co., Appellants.

Argued May 15, 1939; decided July 11, 1939.

*Jay Leo Rothschild* and *Arthur E. Lehrfeld* for appellants.

*Jacob H. Corn* and *Benjamin Siegel* for respondent.

CRANE, Ch. J.   On the 20th day of January, 1938, the respondent made a motion to confirm an award in arbitration, awarding to it $2,493.56 for merchandise — gabardine — alleged to have been sold to the appellants.   The award is dated December 20, 1937.   The motion was opposed upon the ground that no sale was ever made, the goods were not ordered, and that no contract of arbitration had existed between the parties.   The Special Term, on the 26th day of February, 1938, made an order wherein the motion was granted to the extent of directing the trial of the issue as to whether or not there was an existing and binding contract requiring the appellants to submit to arbitration: " And it is further ordered that the following issue of fact, raised by the affidavits herein, be submitted to a court for determination: ' Whether or not there was an

existing and binding contract requiring the respondents [appellants herein] to submit to arbitration.' " The order further sent the matter for trial to a Trial Term of the Supreme Court, to be tried by a court without a jury. The Appellate Division reversed this order and confirmed the award of the arbitrators, one of the justices dissenting and voting for affirmance. The decision of the Appellate Division no doubt followed *Schafran & Finkel, Inc.*, v. *Lowenstein & Sons, Inc.* (254 App. Div. 218; subsequently reversed in this court, 280 N. Y. 164.)

Counsel in this case concedes that the notice to arbitrate which was first served was of the same kind as that discussed in the *Schafran* case, at least as ineffectual. Under subdivision 2 of section 1458 of the Civil Practice Act, where a party has not been served with an application to compel arbitration he may put in issue the making of a contract either by a motion for a stay of the arbitration or in opposition to the confirmation of an award. If a notice shall have been personally served upon a party of an intention to conduct arbitration, pursuant to the provisions of a contract, then the issue of the existence or the making of a contract may be raised only by a motion for a stay of the arbitration, notice of which must be served within ten days after the service of the notice of intention to arbitrate. The validity of the ten days' limitation depends upon the sufficiency of the notice. The Appellate Division in the *Schafran* case held the notice sufficient, and we reversed, holding the notice insufficient. As the notice in the present case was no better than that in the *Schafran* case, the ten days' limitation does not apply, and, therefore, it was proper for the appellant to raise the issue of the existence of the contract upon the motion made herein to confirm the award. The appellant had previously made a motion before Mr. Justice MCLAUGHLIN on December 27, 1937, for a stay of the proceedings, but he denied the application, holding that the ten-day limitation applied. He did not pass upon the merits, that is, on the existence of a contract, and so his decision is immaterial here.

From the very beginning of this transaction between Hesslein & Co., Inc., and Greenfield the making of a con-

tract to arbitrate was denied. The petition in this case to confirm the award of arbitrators states that on or about the fourth day of December, 1936, the petitioner and the respondents (Greenfield) entered into a written contract for the sale by petitioner to the respondents of 6,500 yards of 35/36" Beverly Gabardine, and that annexed to the petition is a photostatic copy of said contract. The photostatic copy is a paper in the form of an invoice or bill for gabardine, stating the yardage and the price. Below are printed these words: " Please sign and return one copy for our files." Under this, in fine print, are the words: " Any controversy arising under, or in relation to, this contract shall be settled by arbitration. If the parties are unable to agree respecting time, place, method or rules of the arbitration then such arbitration shall be held in the City of New York in accordance with the laws of the State of New York and the rules then obtaining of the General Arbitration Council of the Textile Industry." Below this is a line on which is printed, " Accepted for Buyer," followed by the words, " Peter Pan Co. M. E. Greenfield," which are typewritten. These names were typewritten by the seller, Hesslein & Co., Inc., or their agents, not by the buyer, as requested. Below this line is another line beginning with the word " By," meant for the signature of the Greenfields or their agents. This was never signed and filled in. So far as the contract alleged in the petition and annexed thereto is concerned, is was never signed and executed by the Greenfields, the purchasers.

The defendants, appellants, in reply to this motion to confirm the award, alleged that they never entered into any such contract, never signed the contract referred to in the petition. The affidavit of Maurice E. Greenfield states:

" No copy was ever signed by the respondents [Greenfields], or either of them, or by any of their lawful agents, servants, and/or employees, or by anyone on their behalf authorizing the respondents to be charged therewith. This fact is conceded by the petitioner, and is not denied by them, for on August 25th, 1937, the petitioner wrote a

letter to the respondents, containing the following paragraph:

" ' While we do not have a signed order from you on this merchandise, we have sufficient correspondence with you and based upon which there is an offer and acceptance which naturally constitutes a contract.' "

Upon the petition, therefore, and the reply affidavits there is a clear question of fact which should have been tried out pursuant to section 1458 of the Civil Practice Act, and as directed by the Special Term order.

" Where such opposing party, * * * sets forth evidentiary facts raising a substantial issue as to the making of the contract * * * an immediate trial of the same shall be had, and such party shall have the right to demand a jury trial provided such demand is served with his affidavits."

In the correspondence passing between these parties, and set forth in the record, there is a repeated denial of the making of the contract. The lawyer employed by the defendants, appellants, appeared before the arbitrators and insisted that they had no jurisdiction because no agreement to arbitrate had been made. His appearance in no way amounted to a waiver of the appellants' rights, as he was there to protect them, not to waive them, having taken no part whatever in the arbitration. That the respondent thought it best to serve the appellants with a further and second notice to arbitrate, and that the arbitrators notified the appellants to proceed, did not settle the issue or amount to a compliance with the provisions of the statute under the ruling in the *Schafran* case in this court.

We are of the opinion, therefore, that the order of the Appellate Division should be reversed and that of the Special Term affirmed, with costs in this court and in the Appellate Division.

LEHMAN, HUBBS, LOUGHRAN, FINCH and RIPPEY, JJ., concur; O'BRIEN, J., taking no part.

Ordered accordingly.