In the Matter of the Arbitration between ONONDAGA SILK COMPANY, INC., Petitioner, and ROSEVILLE FROCKS, INC., Respondent.

Supreme Court, Special Term, New York County, January 20, 1949.

*Haggerty, Myles & Wormser* for petitioner.

*Aaron Rosen, David S. Edgar, Jr.,* and *Max S. Kaufman* for respondent.

HECHT, J. Onondaga Silk Company, Inc. (hereinafter called " the seller "), moves to confirm an arbitration award and Roseville Frocks, Inc. (hereinafter called " the buyer "), makes a cross motion to vacate the award.

On April 22, 1948, the parties signed a written contract (No. 4959) for the purchase of piece goods, which contract contained a clause providing for arbitration pursuant to the rules of the National Federation of Textiles, Inc. On May 6th, and again on May 17th, the buyer ordered goods from the seller over the telephone. These goods were delivered without any written contract being signed by the buyer. The seller apparently made a notation of these orders on its order blanks, numbered, respectively, 5106 and 5240, which blanks contained the same arbitration clause as order No. 4959.

A dispute having arisen between the parties, the Federation served a notice upon them to proceed with arbitration " in accordance with the contract No. 4959, dated April 22, 1948, No.

5106, dated May 6, 1948, and No. 5240, dated May 17, 1948 '', and stated that the estimated amount involved was $2,500. This notice, dated August 18, 1948, was received by the buyer, who designated its arbitrator on September 2d. On October 19th, the Federation set down the arbitration for a hearing on November 10th. On November 5th, counsel for the buyer having been advised by the latter that it had never signed orders No. 5106 and No. 5240, advised the Federation that the buyer was proceeding to arbitrate only contract No. 4959, and was withholding from arbitration of the other two contracts. This position was reiterated in a statement read by the buyer at the opening of the arbitration hearing. The arbitrators nevertheless undertook to arbitrate the dispute under all three contracts, and made a single integrated award '' in full settlement of all disputes and controversies existing between Onondaga Silk Company, Inc., and Roseville Frocks, Inc., arising out of or relating to the contracts dated April 22, 1948, No. 4959, May 6, 1948, No. 5106, May 17, 1948, No. 5240.''

Since the buyer concededly never received any copy of order No. 5106 or of order No. 5240, it is clear that there was never an enforcible agreement to arbitrate any disputes under those contracts (*Matter of Tanenbaum Textile Co.* v. *Schlanger,* 287 N. Y. 400; *Matter of Crawford [Great Western Distributors],* 293 N. Y. 687; *Matter of Huxley [Reiss & Bernhard, Inc.],* 294 N. Y. 146). The question here is whether the buyer is precluded from raising that objection upon this motion.

Section 1462 of the Civil Practice Act provides that the court must make an order vacating the award (among other reasons) where the arbitrators exceeded their powers (subd. 4), or, if there was no valid submission or contract and the objection has been raised under the conditions set forth in section 1458 (§ 1462, subd. 5). The buyer's objection here cannot be sustained under subdivision 4, which I interpret as applying to a situation similar to that presented in *Matter of Marchant* v. *Mead-Morrison Mfg. Co.* (252 N. Y. 284, 298–303). But the objection is valid under subdivision 5, because there was no valid submission or contract in respect of orders No. 5106 and No. 5240, and the objection was raised under the conditions set forth in section 1458. That section provides as follows:

'' 1. A party who has participated in the selection of the arbitrators or in any of the proceedings had before them may object to the confirmation of the award only on one or more of the grounds  *   *   * '', which do not exist here.

" 2. A party who has not participated in the selection of the arbitrators or in any of the proceedings had before them * * * may also put in issue the making of the contract or submission * * * in opposition to the confirmation of the award. If a notice shall have been personally served upon such party of an intention to conduct the arbitration pursuant to the provisions of a contract or submission specified in such notice, then the issues specified in this subdivision may be raised only by a motion for a stay of the arbitration, notice of which motion must be served within ten days after the service of the notice of intention to arbitrate. *Such notice must state in substance that unless within ten days after its service, the party served therewith shall serve a notice of motion to stay the arbitration, he shall thereafter be barred from putting in issue the making of the contract or submission or the failure to comply therewith.*" (Italics supplied.)

Since the notice from the Federation did not contain the foregoing italicized language, the buyer was not precluded from raising the issue of no contract by its failure to move for a stay within ten days. In fact, the right to raise this issue after the ten-day period where the notice of arbitration did not call attention to this limitation, was recognized even before the addition to the statute of the italicized language by chapter 573 of the Laws of 1939 (*Schafran & Finkel* v. *Lowenstein & Sons,* 280 N. Y. 164, 172).

The buyer's participation in the selection of the arbitrators and in the proceedings before them does not preclude it from raising the issue that there was no agreement to arbitrate under contracts No. 5106 and No. 5240. The buyer participated only in the arbitration of contract No. 4959, which it conceded required arbitration. Before the arbitration hearing was started, it unequivocally informed the arbitrators by letter to the Federation and by an oral statement before the arbitrators, that it was not participating in any arbitration regarding contracts No. 5106 and No. 5240. It was not the fault of the buyer that counsel for the Federation erroneously advised the arbitrators to consider those two contracts. The reasoning of the *Schafran* case (*supra*) applies with equal force to this situation and requires the conclusion that the buyer may raise this issue on motion to confirm the award (*Matter of Hesslein & Co.* v. *Greenfield,* 281 N. Y. 26, 33). To hold otherwise under the circumstances of this case would frustrate the equitable character of these arbitration proceedings, which were designed to give relief from legal technicality (*Matter of Feuer Transp.* [*Local No. 445*], 295 N. Y. 87, 92).

The motion to confirm the award is denied and the cross motion to vacate the award is granted. A rehearing of the dispute under contract No. 4959 shall be held before new arbitrators chosen in the manner provided for in that contract. Settle order.