Harold Tessler, J.
The defendant, a physician licensed under the laws of the State of New York, by a writing dated March 1, 1957, became a member of the plaintiff, a copartnership comprising physicians and surgeons duly licensed as such by the State of New York and operating a medical group in this county under a partnership agreement dated June 7,1954. Said agreement contains the following provision as to withdrawal of any partner from the partnership:
‘ ‘ SEVENTEENTH:
“ (a) Withdrawal: If any partner shall desire to withdraw from the partnership, he shall send written notice thereof to the Executive Committee at the central office of the partnership at least ninety days prior to the date he desires his withdrawal to become effective. Upon the lapse of such period of ninety days, or sooner, if the Executive Committee and the withdrawing partner shall so agree, his withdrawal shall become effective. Thereupon, his share of the partnership net assets shall be computed on the basis of his capital account as reported in the last *882 accounting report of the partnership as modified by any changes between the date of that report and the effective date of withdrawal, and shall exclude sums allocated to reserves for known or contingent liabilities. A withdrawing partner shall be paid his share of the net assets, if any, at such time as the Executive Committee may determine, but not later than three years after the effective date of withdrawal, and the partner shall pay the partnership any deficit within the same period of time; provided, however, that if any partner withdraws solely because he is removing his practice from the New York Metropolitan area or for age as defined in paragraph 1 b ’, or because of death or retirement, or disability as defined in subdivision 1 d ’ infra, then payment of his share shall be made within six months of the effective date of withdrawal. In no event shall any interest on any partner’s share be payable, for the period between the effective date of withdrawal and the date of payment.”
By registered letter dated March 25, 1960, received by the group on March 30, 1960, the defendant gave notice of his withdrawal from the partnership. On the same date, March 25,1960, the defendant by his attorney filed with the American Arbitration Association a notice for arbitration in accordance with the following arbitration clause contained in the partnership agreement: “ twenty-third : Any dispute or controversy between any partner and the partnership arising under or out of or connected with this agreement, its meaning, application or effect, shall be determined by arbitration in New York City in accordance with the laws of the State of New York and the rules then obtaining of the American Arbitration Association, and judgment upon any award rendered may be obtained in the Supreme Court of the State of New York or in any other court of competent jurisdiction. Any notice or service required in connection with such arbitration shall be given by registered mail addressed to the last known office address of the person concerned, and shall be deemed good and sufficient notice and service for all purposes, both arbitral and judicial. The costs of arbitration shall be adjudicated by the arbitrators.”
This notice was addressed to the managing director of the plaintiff and to its partners. It recited that the defendant was a party to an arbitration agreement contained in the written contract dated June 7,1954, and set forth verbatim the arbitration clause in the contract. It concluded with the following statement:
“ Hereby by his attorney Jerome Gartner, demands arbitration of the following dispute which is subject to arbitration thereunder.
*883 ‘ ‘ CLAIM OR, BELIEF SOUGHT :
“ Accounting of the value of the share of Dr. Fernand Yistreieh in Queens Boulevard Medical Group and the All Queens Realty Corp. as of fiscal year ending December 31, 1959 plus adjustments to time of resignation submitted to partnership March 25, 1960. Accounting, determination and award of the return of capital due and owing Dr. Fernand Yistreich as of December 11,1958, for the reduction of his interest in the Queens Boulevard Medical Group and the All Queens Realty Corp., which was reduced as of that date.
‘ ‘ Date of payment of the aforesaid monies.
“ You are hereby notified that a copy of our Arbitration Agreement and of this Demand is being filed with the American Arbitration Association Administrator, with the request that it immediately put its Rules into effect and furnish each Party with an identical list of names of persons taken from the Panels maintained by the Association. When the list is received, you are hereby requested to proceed with the selection of three Arbitrators in accordance with said rules. Under Rule III, Section 7 you may file an answering statement within seven days after the mailing of notice from the Administrator.”
By letter dated March 31, 1960, addressed to the plaintiff’s managing director and the attorney for the defendant, the American Arbitration Association stated in pertinent part: ‘ ‘ In the event no answer is filed on or before April 7, we will assume under the Rules that the claim is denied. In the event a counterclaim is filed, two copies of such claim, together with the appropriate administrative fee * * * shall be filed with the Tribunal Clerk and an additional copy of the counterclaim sent to the Claimant.” No such answer was filed by the plaintiff who, however, commenced a plenary action against the defendant on April 7,1960, to restrain him, his servants, agents and attorneys from further prosecuting the arbitration before the American Arbitration Association, from taking any further steps therein, and requiring the defendant to effect a discontinuance thereof. As the same time a notice of motion, returnable on April 12, 1960, accompanied by a supporting affidavit and other proof, was served upon the defendant for a temporary injunction restraining him during the pendency of the action from further prosecuting the foregoing arbitration proceeding. By cross motion served on April 12, 1960, the defendant moved for an order denying plaintiff’s motion for a temporary injunction and “ compelling the plaintiff’s attendance at the aforesaid arbitration pending before the American Arbitration Associa *884 tion or as more particularly set forth in the annexed affidavits, and for such other and further relief as to the Court may seem just and proper in the premises.’ ’ Both motions were adjourned to April 18,1960, when they were argued and finally submitted.
The plaintiff urges that under the “ Withdrawal ” clause in paragraph “ Seventeenth (a) ” of the copartnership agreement no arbitration may be had until 90 days following the date of the defendant’s resignation, and then only if a dispute should arise as to the amount due to the defendant as a withdrawing partner. That is true. The “Withdrawal” clause requires written notice of withdrawal to be given ‘ ‘ at least ninety days prior to the date ” the partner “ desires his withdrawal to become effective. Upon the lapse of such period of ninety days, or sooner, if the Executive Committee and the withdrawing partner shall so agree, his withdrawal shall become effective.” In the case at bar no such agreement was ever made and, consequently, the defendant’s withdrawal from the partnership cannot become effective until June 25, 1960, 90 days after the date of his notice. This was in fact conceded by the defendant in his letter to the American Arbitration Association dated April 11, 1960.
Defendant’s demand for arbitration dated March 25, 1960, however, was not confined to the arbitration of this issue alone. Arbitration was also sought with respect to the correctness of the value of the defendant’s equity as shown in the plaintiff’s statement for the year 1959. There is no question that such a dispute presently exists between the parties and comes within the ambit of the broad general arbitration clause contained in the copartnership agreement. The defendant argues, however, that the amount to which he will be entitled as a withdrawing partner cannot be determined until the dispute as to the correctness of the revaluation of assets as shown in the accounting for the year 1959 is determined and that, consequently, the arbitration as demanded should proceed immediately.
While it would appear in the best interests of all concerned that the arbitration of all disputes between the parties should be deferred until 90 days have elapsed after the notice of withdrawal dated March 25, 1960, thus avoiding the necessity and expense of multiple arbitrations, this court can only consider the dispute presently existing and not one which cannot arise until June 25, 1960.
While the defendant has not challenged the propriety of plaintiff’s plenary action to restrain the arbitration, he urges the denial of plaintiff’s motion for a temporary injunction upon the *885 ground that no irreparable injury has been established. While it is true that sueh injury as contemplated by the provisional remedy of injunction is not present here, there is harm in permitting the premature arbitration of a dispute — one which may even never arise. Proof of irreparable injury would not be required if, instead of bringing a plenary action to restrain the arbitration, the plaintiff had invoked the proper procedure for such relief prescribed by subdivision 2 of section 1458 of the Civil Practice Act.
That subdivision provides that a party who has not participated in the selection of arbitrators or in any proceedings before them, and who has not made or been served with an application to compel arbitration under section 1450, may put in issue the making of the contract or submission or the failure to comply therewith “ either by a motion for a stay of the arbitration or in opposition to the confirmation of the award,” but where a party has been personally served with a notice of intention to conduct arbitration pursuant to the provisions of a contract or submission then these issues “ may be raised only by a motion for a stay of the arbitration, notice of which motion must be served withm ten days after the service of the notice of intention to arbitrate ” (italics supplied).
The plaintiff made no such motion following the service of the defendant’s notice to arbitrate. The validity, however, of the 10 days’ limitation provided by the statute depends upon the sufficiency of the notice. (Matter of Hesslein & Co. v. Greenfield, 281 N. Y. 26, 31; Matter of Kandler [O'Connor], 18 Misc 2d 109, 111.) Since the notice served by the defendant does not in substance contain, as required by the 1939 amendment to the statute (L. 1939, ch. 573), the statement “ that unless within ten days after its service, the party served therewith shall serve a notice of motion to stay the arbitration, he shall thereafter be barred from putting in issue the making of the contract or submission or the failure to comply therewith”, plaintiff has not waived its right to raise the issue here presented that no dispute referable to arbitration presently exists.
It was held by the Court of Appeals prior to the 1939 amendment referred to above that the failure to serve a notice of motion for a stay, within 10 days after receiving an insufficient notice of intention to arbitrate, did not preclude a person from bringing a plenary action “ to set the award aside or to restrain further proceedings ” (Schafran & Finkel, Inc., v. Lowenstein & Sons, Inc., 280 N. Y. 164, 172). In that case the lower courts denied plaintiff’s motion for a temporary injunction to restrain *886 the defendant from prosecuting a proceeding for confirmation of an award of arbitrators against the plaintiff and from entering a judgment against such award, and granted the cross motion of the defendant to dismiss the complaint. While the Court of Appeals reviewed only the judgment of dismissal it stated: “ The court at Special Term must determine whether the plaintiff has shown facts sufficient to entitle him to an injunction either permanent or temporary ’ \
In light of the foregoing and the doctrine that where “ all parties to a litigation choose to do so, they may to a large extent chart their own procedural course through the courts ” (Stevenson v. News Syndicate Co., 302 N. Y. 81, 87), the plaintiff’s motion to restrain the arbitration is granted only with respect to the dispute outlined in the notice dated March 25,1960, herein found by the court nonexistent at this time and premature. In all other respects, the motion is denied.
The foregoing makes it unnecessary to pass upon the cross motion, which in any event is defective, the plaintiff having objected to the insufficiency of the time of its service before the return date. If the defendant’s application be deemed a special proceeding to compel arbitration it was untimely since section 1450 of the Civil Practice Act requires eight days’ written notice of application (21 Carmody-Wait, New York Practice, pp. 451-452). If deemed a cross motion it was likewise untimely since at least three days ’ notice is required by section 117 of the Civil Practice Act. The cross notice here was served on plaintiff’s attorney in the courtroom on April 12, its return date, and that of the plaintiff’s motion. Settle order.