Bernard S. Meyer, J.
By petition and order to show cause, Richard Lando seeks to restrain arbitration. Lando, an uninsured motorist, was in collision with a car operated by Carl Matthes and in which Ruth Matthes was a passenger. By virtue of the provisions of the Matthes insurance policy, claim was filed by the Mattheses against the Motor Vehicle Accident Indemnification Corporation. Lando brought action against Matthes in the County Court and then discontinued that action stipulating for arbitration of the claim, and the consolidation of that arbitration with the Matthes v. Lando arbitration proceeding already pending under the MVAIC policy provision. Lando then moved before the arbitrator for postponement of the hearing, on the ground that he is in the United States Navy, presently stationed at U. S. Naval Station, Guantanamo Bay, Cuba. The arbitrator “ determined that Mr. Lando’s absence from the country should not act to further delay a hearing in this matter ” and directed that Lando’s testimony be obtained by interrogatory, deposition or affidavit on or before May 15, 1961 and that oral hearing be held on May 22, 1961. Notwithstanding the stipulation voluntarily submitting the matter to arbitration, Lando now seeks to stay the proceeding. His application includes a certificate of a naval officer that “It is not expected that he will return to the United States, even on furlough, until the end of the summer,” characterizes the arbitrator’s decision as “ a complete abuse of discretion,” and argues that “ he should not lie prohibited from prosecuting a cause of action he might have or be denied an opportunity to defend a cause of action against him,” but offers no specification of the manner in which Lando is being so prohibited or *777 denied. Matthes ’ answering affidavit offers to waive cross interrogatories.
Whether the application be considered one under article 84 of the Civil Practice Act, or section 304 of the Military Law, it must be denied. Section 1462 of the Civil Practice Act provides that 1 ‘ the court must make an order vacating the award * * i:= 3. Where the arbitrators were guilty of misconduct in refusing to postpone the hearing upon sufficient cause shown, or in refusing to hear evidence pertinent and material to the controversy; or of any other misbehavior by which the rights of any party have been prejudiced.” That provision, it will be noted, is for vacation of an award and does not, nor does any other provision of article 84, authorize a stay because of such misconduct or misbehavior. The wisdom of that procedure is demonstrated by the present application, for, clearly, unless mere absence of a party is sufficient cause for postponement, no misconduct or misbehavior has yet been shown, and in view of the permission to present Lando’s testimony by affidavit (to which the Mattheses have not objected) there is little likelihood that such misconduct or misbehavior will occur. In essence what petitioner is complaining about is the inconvenience involved in obtaining Lando’s testimony at long distance and the possibility that at the arbitration hearing he may be met with testimony that only Lando can controvert. Inconvenience to petitioner cannot be equated with misconduct or misbehavior, and the court will not presume that, if the hearing produces testimony that only Lando could controvert and which he should not reasonably have foreseen in the preparation of his initial affidavit, the arbitrator will not grant a sufficient postponement to permit obtention of a further deposition, interrogatory or affidavit. In any event, petitioner is sufficiently protected against such possible abuse by his right to move for vacation of the award under subdivision 3 of section 1462.
Having stipulated for arbitration and participated in the proceeding, petitioner has no right under the arbitration statute to a stay (Civ. Prac. Act, § 1458); rather that statute limits him to a motion to vacate the award. The Soldiers’ and Sailors’ Civil Belief Act (Military Law, art. 13) does not provide a basis for a stay because, in view of the permission to present Lando’s testimony by affidavit, it is the opinion of the court that the ability of Lando to prosecute his action and defend Matthes ’ action against him “ is not materially affected by reason of his military service ” (Military Law, § 304 ; see Wuster v. Levitt, 267 App. Div. 918). For like reason, petitioner would not be helped were the court to construe his application as one *778 addressed to its equity powers for a temporary or permanent injunction (see Wenig v. Bel Geddes, 193 Misc. 692 ; see, also, Schafran & Finkel v. Lowenstein & Sons, 280 N. Y. 164, 172). It follows that the application must be in all respects denied.
The order to show cause by which the application was made contained a stay as a result of which the American Arbitration Association suspended further administration of the arbitration pending entry of a final order by the court. That stay is now vacated: The court assumes that, in view of the time
elapsed in obtaining the present determination, the hearing date will be rescheduled to allow petitioner’s attorney sufficient time to obtain the necessary affidavits. Should that not be done, petitioner will have the right to raise the point by motion to vacate the award.