John E. Cone, J.
In this proceeding instituted pursuant to the provisions of the Motor Vehicle Accident Indemnification Corporation Law (Insurance Law, art. 17-A) the petitioner moves for an order staying the arbitration requested by the respondent and dismissing the notice of claim or, in the alternative, setting the matter down for a preliminary hearing on the question of the timeliness of the filing of the notice of claim.
The basis for the relief sought by the petitioner is the failure of the respondent to file the notice of claim against the petitioner within 90 days after the happening of the alleged accident as provided for by the terms of the liability policy. Respondent’ opposes the motion not only on the ground that he had given the petitioner timely notice “ as soon as practicable ” as provided for by the indorsement in the terms of the liability policy, but that the petitioner had waived its rights to the relief sought herein by having failed to properly and timely serve its motion papers as provided for by subdivision 2 of section 1458 of the Civil Practice Act.
At the outset it is to be noted that the rights and obligations of the parties herein stem not only from the statute but also *201 from a written indorsement found in every automobile liability insurance policy issued in the State of New York known as the “New York Automobile Accident Indemnification Endorsement ” which constitutes the agreement between the insured and the MVAIC (see Insurance Law, § 167, subd. 2-a). Under the terms of such indorsement, the insured person must present his proof of claim within 90 days or “as soon as is practicable ”. However, before the court passes upon this issue, it first must be determinated whether the petitioner has fully complied with the provisions of subdivision 2 of section 1458 of the Civil Practice Act relating to the procedure outlined therein in staying such arbitration. That section permits an application for a stay of arbitration on the issue, among others, of the failure to comply with the contract or submission by motion, which must be served within 10 days after the service of the notice of intention to arbitrate. The notice to arbitrate' served upon the petitioner contained the essential statement “ that unless within 10 days after service of the notice or demand for arbitration, you serve a notice of motion to stay the arbitration herein, you shall, thereafter be barred from putting in issue the making of the contract * * * or the failure to
comply therewith.” The section further provides that the notice of motion for a stay of arbitration must be served either personally or by registered mail. It is undisputed that the application to stay the arbitration proceeding was served by ordinary mail and approximately 2% months after the service of notice of demand for arbitration.
The issue thus presented is whether the petitioner waived its rights to a stay and to test the timeliness of the filing of the notice of claim by its failure to comply with the provisions contained therein.
The authority or right of the Legislature to prescribe the length of notice will not be set aside as ineffectual on account of the shortness of time except in a clear case warranting such action (Schafran & Finkel v. Lowenstein & Sons, 254 App. Div. 218, revd. on other grounds 280 N. Y. 164).
The section is clear, concise and unambiguous. The conditions precedent relating to the time and manner of service must be complied with before a party seeking to stay arbitration applies and attempts to enforce the rights granted under the section. The respondent, on the other hand, having properly conformed the contents of his notice to arbitrate with the contract of insurance and with the provisions of subdivision 2 of section 1458, the notice served upon the petitioner is valid and must be sustained (Matter of Hesslein & Co. v. Greenfield, 281 N. Y. 26; Queens Blvd. Med. Group v. Vistreich, 25 Misc 2d 881).
*202 The petitioner, having failed to serve its notice of motion within the time and in a manner prescribed by the section, has waived its rights to raise the issue regarding the respondent’s alleged failure to comply with the indemnification indorsement, i.e., the alleged failure to timely file the notice of claim within 90 days or as soon as practicable and is barred from now asserting any objections to said service. Accordingly, the motion is denied.