Bernard F. McCaffrey, J.
This is a motion by a liability insurance company to stay arbitration brought on by its assured, James Hilliard, and Malissie Hilliard, guardian of the infant Jerry Robinson, a passenger.
The petitioner does not dispute the right of respondents to pursue arbitration and admits that the driver of the other vehicle, Leroy Morris, was uninsured at the time of the accident. However, the petitioner sets forth a somewhat unusual and novel concept as to why arbitration should be stayed, namely, that respondents’ otherwise acknowledged right to arbitration *694 should he stayed until the issue of negligence is determined in a lawsuit instituted by a passenger in the uninsured vehicle against the owner of the said vehicle, and the respondent herein.
The petitioner refers to paragraph designated No. 1 of the submitted specimen form of the insurance policy and the uninsured indorsement provision which requires that the insured, Hilliard, must be legally entitled to recover damages in order to secure a recovery through the uninsured indorsement provision. Therefore, it is the petitioner’s contention that, since the operator of a motor vehicle must prove his freedom from negligence, the arbitration should be stayed, because it is possible that the arbitrator might find Hilliard not negligent and at some future time Hilliard could be found negligent in a lawsuit. However, that is not the issue before this court and the court herein does not rule upon what effect, if any, the arbitration award would have upon any of the parties in the Supreme Court action in Kings County instituted by the passengers of the uninsured vehicle (Index No. 13372-1971). (Flash v. Goldman, 278 App. Div. 829 [2d Dept.].)
The specific issue before the court is whether or not, pursuant to the provisions of paragraph No. 1 of the uninsured indorsement provision, the respondent is required to establish as a condition precedent to arbitration that he is free from negligence where there is a pending court action involving the same accident. The court finds that this is not a condition precedent and that the question of negligence is properly one for the arbitrator to determine. “ Once it is determined that the term ‘ innocent victim ’ is intertwined with concepts of negligence, it follows that such a finding should properly be made by an arbitrator and not by a court as a condition precedent to arbitration. The court below itself recognized that if it was ‘ concerned with the contributory negligence of the claimant in determining the claimant’is right of recovery against the respondent, this issue would not be a proper one upon which to base this application.” (Matter of Nagle [MVAIC], 22 N Y 2d 165, 170, citing Matter of Rosenbaum [American Sur. Co. of N. Y.], 11 N Y 2d 310; see, also, Matter of Short [MVAIC], 42 Misc 2d 682 [Sup. Ct., 1964].)
CPLR 7501 relating to the effect of arbitration agreement states as followsA written agreement to submit any controversy thereafter arising or any existing controversy to arbitration is enf orceable without regard to the justiciable character of the controversy and confers jurisdiction on the courts of the state to enforce it and to enter judgment on an award. In deter *695 mining any matter arising under this article, the court shall not consider whether the claim with respect to which arbitration is sought is tenable, or otherwise pass upon the merits of the dispute. ’ ’
“ ‘ Arbitration is essentially a creature of contract ’ * * * When the contracting parties have agreed upon an arbitral forum, to impose another upon either of them without consent would be to rewrite their agreement.” (Matter of Stewart Tenants Corp. [Diesel Constr. Co.], 16 A D 2d 895, 896.) Where arbitration has been contracted for, it constitutes a substantive and mandatory right and is grounded on the consensual undertaking of the contracting parties.
In Matter of Exercycle Corp. (Maratta) (9 N Y 2d 329, 334), the court stated: ‘ ‘ It has long been this State’s policy that, where parties enter into an agreement and, in one of its provisions, promise that any dispute arising out of or in connection with it shall be settled by arbitration, any controversy which arises between them and is within the compass of the provision must go to arbitration.”
Judge Fuld then went on to set forth certain exceptions to this general policy: “ As exceptions to this general policy, however, we have held that a court will enjoin arbitration (1) where fraud or duress, practiced against one of the parties, renders the agreement voidable * * * (2) where there is no ‘ bona fide dispute ’ between the parties, that is, where the asserted claim is frivolous ”.
However, none of these exceptions apply to the instant case and, thus, the general rule would be applicable herein.
It was the clear intention of the Legislature in establishing MVAIC to close the loopholes in the compulsory insurance requirements so as to protect the innocent victim of an accident involving an uninsured driver, to allow the innocent victim to institute arbitration proceedings for purposes of recovering his damages as a result of the accident, and the two issues that are specifically intended to be determined by the arbitrator are liability and damages. It would be contrary to the best interest of justice and the intent of the Legislature to allow a liability insurance company to stay the respondent and the infant passenger in his car from initiating .the arbitration proceedings provided for under respondent’s insurance policy merely on the basis that the issue of negligence of the parties might at some time in the future be determined in a lawsuit. For, if the court were to stay arbitration on this basis, what would preclude an insurance liability company from further impeding the rights *696 of a responsible insured individual from instituting arbitration proceedings to recover Ms damages under the possible circumstances wherein the irresponsible uninsured driver institutes a lawsuit against the insured driver.
To hold otherwise would be to allow the insurance company to place additional intolerable roadblocks and impediments to the insured’s contractual right to arbitration pursuant to the uninsured indorsement.
As the court held in the Matter of MVAIC (Kirby) (12 A D 2d 739), a dispute on an automobile accident indorsement covering injuries caused in operation of an uninsured automobile was clearly arbitrable and stay of arbitration proceedings pending a determination of a declaratory judgment action to determine whether dispute was arbitrable was not warranted.
In addition to attempting to stay arbitration by the respondent insured, James Hilliard, the petitioner insurance company further seeks a stay of the arbitration proceedings instituted by Malissie Hilliard, as guardian of the infant, Jerry Robinson, a passenger in the Hilliard car. It is of interest that the petitioner concedes that, if a lawsuit were to be instituted on behalf of the infant respondent against Hilliard and Morris, recovery would be had against one or both of the defendants. Petitioner further contends that since the Morris vehicle is now represented by MVAIC, it would be more appropriate for the infant to institute .such a lawsuit and, thus, it is petitioner’s contention that arbitration is not a proper forum.
The court notes that the guardian ad litem, on behalf of the respondent infant, has obtained a court order, pursuant to CPLR 1209 authorizing the guardian ad litem to institute the arbitration proceedings. The infant respondent is not restricted to a choice of forum that satisfies the convenience of the petitioner. It was within his right to have the matter submitted to arbitration rather than instituting a lawsuit. (Matter of Lehman v. Ostrovsky, 264 N. Y. 130.)
The provisions of the CPLR allowing joinder and determination of related controversies and contingent claims in a single action are procedural and discretionary and are based upon the voluntary facility of judicial mechanics. (Knolls Co-op. Section No. 1 v. Hennessy, 3 Misc 2d 220.)
It follows that even if, arguendo, the court were to stay the arbitration proceedings involving respondent James Hilliard in order to have the issue of negligence determined in the lawsuit, this could not be the basis for attempting to stay the arbitration of the infant’s claim, for negligence is not at issue insofar as *697 the infant is concerned and, thus, even if arbitration were to be stayed as against respondent Hilliard, it could not be against the infant, Jerry Robinson. Thus, the factual situation of this case differs from Greene Steel & Wire Co. v. Hartmann & Co. (235 N. Y. S. 2d 238) which is cited by the petitioner as authority for the court to exercise its discretion to stay arbitration.
As to respondents’ contention that the application for a stay must be denied in that it was not made within the 10-day time limitation required pursuant to CPLR 7503 is not applicable in that the question of the availability of another forum is not one of the three threshold questions enumerated therein. However, the claim of the respondents that the petitioner is guilty of laches has merit in that petitioner’s motion to stay arbitration was made approximately four and one-half months after the respondents’ demand for arbitration, which is substantiated by the extensive amount of correspondence involving the parties and the American Arbitration Association. Even if petitioner was able to sustain the delay as being reasonable under the circumstances of wanting to determine if the MVAIC was going to appear in the lawsuit, he has nevertheless lost his right, if any, to a stay because of his participation in the arbitration proceedings.
In the instant proceeding counsel for petitioner and respondents did more than perfunctorily participate in the selection of arbitrators, they even submitted opinion letters on the issue as to whether or not an attorney for an insurance company (not involved in the subject proceeding) was a proper party to be appointed as arbitrator in the instant proceeding. The right to a stay of arbitration and to test the arbitrability of a dispute is lost by participation, either in the selection of the arbitrators or in the proceeding. (Matter of MVAIC v. Fenrich, 33 Misc 2d 200, 202. See, also, Matter of Leonard [Heinemann], 35 Misc 2d 421. See, also, Matter of Royal Ind. Co. v. McMahon, 10 A D 2d 926 [1st Dept.].)
Therefore, motion to stay arbitration is denied.