Aeon Stetjeb, J.
The complaint in this stockholders’ representative action contains two causes of action. It alleges that the corporate defendant is in the business of supplying water to various communities in the State. Many of its properties have been condemned and as a result its business has been diminished materially and is steadily shrinking. The salary of its president has on the contrary steadily increased. In April, 1956 the corporation entered into a contract to continue his employment until 1965 at a salary comparable to his present one to be fixed by the directors. In addition the agreement provides for the delivery of a sum of $372,256 by the corporation to escrowees. This fund is to be invested and 10% of its income paid to the corporation for expenses and taxes and the balance accumulated. At the expiration of the employment period in 1965 or earlier in the event of disability the fund is to be paid to the president in annual installments to be fixed. In the event of discharge for cause no payments are to be made. In the first cause of action this agreement is attacked as a gift or payment for services already paid for. In the second cause of action it is attacked as a waste of corporate assets.
The first cause of action adds nothing to the second. As the agreement is before the court and its text is not disputed allegations contrary to its terms may be regarded as sham. So that it appears that the agreement is not without consideration. The payments provided are deferred payments for services to be rendered. They may be excessive but there is nothing in the agreement or the pleading to show that they constitute a bonus or gift except the pleader’s conclusion.
The second cause of action alleges that the president dominated and controlled the directors. There is no attempt to state just how he did this. Failing such a statement the pleading must be regarded as conclusory. However, these allegations are not necessary to the pleadings. Directors may make improvident agreements or waste corporate assets even though not dominated by the beneficiaries of that action. The allegations are in a certain light conclusory but this is practically impossible to avoid. Taken in its best construction, as the complaint must be on this application, the complaint alleges that the services that can be rendered will be markedly less than what they have been for years; that the compensation for the period will be substantially higher. Whether, comparing the figures, the disparity is gross cannot be answered categorically. Under the circumstances a cause of action for waste is stated.
Motion granted as to first cause of action. Denied as to second.