Samuel Rabin, J.
Two motions by the defendants (1) to dismiss the complaint for legal insufficiency on the face thereof, and (2) to vacate plaintiff’s notice of examination before trial dated October 23, 1959.
The plaintiff is the owner and holder of 65 shares out of a total 1,115 shares of the preferred stock and 100 shares out of a total of 402 shares of the common stock of the corporate defendant which is engaged in the conduct of a lumber and veneer business in Long Island City, County of Queens, State of New York. He is also the president, secretary and a director of the corporation but claims in his complaint that since 1953 lie has been president in name only and that the corporation was and is now operated, managed and controlled by the defendants Lincoln W. Bonneau and Germain B. Bonneau. Alleging that the liabilities set forth on the books and records of the corporation are incorrect; that it has practically ceased to conduct the lumber and veneer business for which it was incorporated in 1899; that the loss of its business is the result of the operations and policies and plans of the defendants last named who have failed and refused to make efforts to promote and sell the products handled by the corporation and hampered plaintiff in selling and promoting new business and that they are now attempting to buy his interest for a small part of its actual value, and that “ the aforesaid acts and omissions * * * are part of an attempt to destroy the interest of the stockholders by reducing the income of the corporation as aforesaid, and by applying such income to their own use under the guise of salaries, expenses and disbursements for services neither rendered nor required * * * ”, plaintiff has brought this action for a judgment directing the two defendants named above to join with him to file a petition to dissolve the corporation and that its property be sold at public auction and that these defendants be compelled to account for income and expenses and for all amounts charged against the corporation and to restore to it all funds improperly charged or expended and for other incidental relief.
It is clear from a reading of the complaint and of the prajrer for relief that plaintiff is attempting to set forth a direct individual cause of action in his favor, when as a matter of fact the basic charges made relate to corporate misconduct of directors and officers - for which redress may be obtained bv *881 plaintiff suing derivatively on behalf of the corporation who is the real party aggrieved. (Brock v. Poor, 216 N. Y. 387.) The fact that plaintiff claims to be the sole minority stockholder does not give him the right to maintain a personal action even though he may have suffered damage through the loss in value of his stock interest in the corporation. (See Niles v. New York Central & H. R. R. R. Co., 176 N. Y. 119.) Moreover, the complaint as presently framed is replete with general allegations of wrongdoing which are insufficient to spell out a derivative stockholder’s cause of action. (Gerdes v. Reynolds, 281 N. Y. 180; Kalmanash v. Smith, 291 N. Y. 142.) Charges of domination and control, unaccompanied by facts as to how it was exercised, are mere adjectives of alleged wrongdoing* and do not take the place of the required statement of ultimate facts constituting the wrong. (Schwartz v. Rosenthal, 11 Misc 2d 647; Price, v. Standard, Oil Co., 55 N. Y. S. 2d 890, 893.)
The motion to dismiss the complaint for legal insufficiency is, accordingly, granted with leave to plead over a derivative stockholder’s cause of action alleging the ultimate facts of the wrongdoing charged in the manner required by section 241 of the Civil Practice Act and the authorities referred to above.
In view of this disposition, the motion to vacate the notice of examination is granted without prejudice to the plaintiff seeking an examination in respect to the issues raised by the amended pleadings.
Submit order.