James J. Crisona, J.
Motion by the plaintiff for an order directing the examination of the corporate defendant before trial£ ‘ to aid plaintiff to draw a complaint in this representative action”. The plaintiff is the president, secretary and director of said corporation, but claimed in the original complaint that since 1953, he had been president in name only, and that the corporation was and now is operated, managed and controlled by the defendants, Lincoln W. Bonneau and Germain B. Bonneau.
Following the service of the answer by the defendants, other than G. B. Bonneau, Gail P. Bonneau, Lynne W, Bonneau and Frederick W. Bitter, cotrustee, said defendants, pursuant to rule 106 of the Buies of Civil Practice, moved to dismiss the complaint for legal insufficiency, and by separate motion, to vacate plaintiff’s notice of examination dated October 23, 1959.
Both motions came on to be heard before Mr. Justice Babin (21 Misc 2d 879, 881) who, in an opinion dated December 1, 1959, granted the motion to dismiss the complaint “ with leave to plead over a derivative stockholder’s cause of action alleging the ultimate facts of the wrongdoing charged ’ ’, and in view of that disposition vacated the notice of examination without prejudice to the plaintiff seeking an examination in respect to the issues raised by the amended pleadings.
No such amended complaint was served. Instead, the plaintiff, who originally sued individually, changed the caption of the action to indicate that his suit was derivative in nature, and made this motion, contending in the supporting affidavit of one of his attorneys that “ it will be necessary to examine the corporate defendant to enable plaintiff to draw a complaint in the form of derivative action that will meet the objections stated by Justice Babin.”
While it is true that Mr. Justice Babin characterized the original complaint as replete with general allegations of wrongdoing, which were insufficient to spell out a derivative stock *515 holder’s cause of action, it has not been demonstrated to the satisfaction of this court that having made the charges outlined in the original complaint, the plaintiff, now that he is required to plead derivatively, cannot in his amended complaint frame his charges of wrongdoing in a more definite, certain and concise manner than heretofore, and in accordance with the1 requirements of section 241 of the Civil Practice Act.
A motion such as this will not be granted where the plaintiff possesses sufficient information to frame a complaint (New Rochelle Precision Grinding Corp. v. Marino, 9 A D 2d 685).
The motion is, accordingly, denied again without prejudice to an examination after issue has been joined, with respect to the amended complaint, to be served in accordance with the directions in the order of Mr. Justice Rabin, dated December 14,1959. Submit order.