Thomas A. Aurelio, J.
Respondent moves for an order staying arbitration. It argues that it cannot be compelled to arbitrate since the petitioner asserted the existence of insurance. It is clear from the documentary proof that petitioner has stated the existence of a policy of insurance, but that there was in fact no insurance coverage by reason of disclaimer of liability and coverage. The action arose while the infant was a passenger in a ear owned and operated by his father. Institution of the arbitration proceeding on behalf of the infant by his mother as his guardian ad litem has been authorized by an order of the Supreme Court, County of Kings, dated October 24, 1963. In any event, the raising of any preliminary objection as a bar to arbitration has been waived. It clearly appears that there has been a disclaimer of coverage. The first demand for arbitration is dated November 7, 1963. It did not comply with the provision of subdivision (c) of section 7503 of the Civil Practice Law and Rules as' to .notice of intention to arbitrate, limiting the time for application for an order staying arbitration. By letter of November 22, 1963, incorporating the initial demand, petitioner did state that the notice was given in accordance with subdivision (c) of: section 7503 of the Civil Practice Law and Rules. Both documents must be read together. This application was not made within the time provided, and the matter, therefore, is left for arbitration, including the issue of the validity of the disclaimer.
Section 600 of the Insurance Law states the purpose of the act is to secure recompense to innocent victims of motor vehicle accidents for the injury and financial loss inflicted through no fault of their own arising from accidents caused by ‘1 insured motor vehicles where the insurer disclaims liability or denies coverage ’ ’.
Petitioner relies on Matter of Porteck (MVAIC) (19 A D 2d 802). The issue in the light of the facts and circumstances here is not determined by the cited case since it holds merely that the notice of intention to arbitrate there involved failed to meet the requirements of subdivision 2 of section 1458 of the Civil Practice Act. The opinion there relied on Matter of Double E Food Markets v.'Beatson (18 AD 2d 976). That authority also is of no aid since in the opinion it is stated merely that the notice *449 of intention to arbitrate was insufficient and, indeed, the insufficiency was not concerned with the matter of limiting the time for application for stay of arbitration. Matter of Hesslein & Co. v. Greenfield (281 N. Y. 26, 33) was a case involving a second notice, but concerning it the court stated only: “ That the respondent thought it best to serve the appellants with a further and second notice to arbitrate, and that the arbitrators notified the appellants to proceed, did not settle the issue or amount to a compliance with the provisions of the statute under the ruling in the Schafran case [Schafran & Finkel v. Lowenstein & Sons, 254 App. Div. 218 revd. 280 N. Y. 164] in this court.” Thus, it is stated only that the second notice did not comply with statute, the deficiency not being stated, and not that a second notice could not be given. No other case involving a second notice is submitted. Subdivision (c) of section 7503 of the Civil Practice Law and Buies does not provide that before an insufficient demand is acted upon a further and proper notice may not be given. ¡Such a further notice here was given, and the respondent had the full protection of the statute by making a timely application for stay which it failed to do. The motion is denied.