David F. Lee, Jr., J.
This is a motion to compel arbitration. The defendant Lorson Electric Co., Inc. (Lorson) seeks an order ‘ ‘ directing the parties herein to proceed to arbitration of their disputes under the contract of May 26, 1964 in accordance with the arbitration clause in said contract and in the manner provided for by the Civil Practice Law and Rules and that this action be stayed pending the conclusion of the arbitration proceeding. ’ ’ Plaintiff moves, by cross motion, for an examination, before commencement of the action against the Meinhard-Commercial Corporation (Meinhard), of Frank E. Lorson, as executive vice-president of Lorson Electric Co., Inc. (Lorson), pursuant to CPLR 3101 and 3102 (subd. [c]).
The action against Lorson was commenced by service of a summons and complaint on June 1, 1966. No action has yet been commenced against Meinhard. The answer of the defendant Lorson, which was served on June 19, 1966, denied the material allegations of the complaint, though no counterclaim was alleged, nor did the answer assert the defendant’s intent or desire to submit the matter in dispute to arbitration. On June 22, 1966 plaintiff served a notice of examination before trial, and on or about July 18, 1966 the defendant Lorson served a notice *656 of motion and affidavit upon plaintiff’s counsel to compel arbitration.
That there is a valid agreement between the plaintiff and the defendant Lorson is not in dispute. Nor is it disputed that the controversy which is the subject of the action is arbitrable. Meinhard is not a party to the agreement or ‘ ‘ contract of May 26, 1964.”
The contract between plaintiff and Lorson provides, among other things: “ 16. Any controversy or claim (other than matters of policy with respect to the performance of the construction contract) arising out of or relating to this contract or the breach thereof, shall be settled by arbitration, in accordance with the rules, then obtaining, of the American Arbitration Association and judgment upon the award rendered may be entered in any court having jurisdiction thereof. ’ ’
The plaintiff urges that the motion made by defendant Lorson to compel arbitration is not timely, and that service of an answer without asserting the affirmative defense of an arbitration agreement constitutes a waiver by Lorson of its right to arbitration and an acceptance of plaintiff’s invitation to contest the claim at law. On the other hand, the defendant Lorson asserts that the motion to compel arbitration was timely made and that the facts show that it asserted its intentions to arbitrate in a timely manner; that plaintiff is not prejudiced, and that Lorson did not waive its right to compel arbitration.
The primary question for determination by this court is whether or not there was such a delay in acting, bringing on the motion to compel arbitration, or such unequivocal act by Lorson as to constitute a waiver.
In Davis Acoustical Corp. v. National Sur. Corp. (24 A D 2d 523), the court held that arbitration had been waived. There, however, in addition to an answer being served, an affidavit in opposition to the motion for summary judgment was submitted, the defendant appealed from the summary judgment, submitted a record and brief on appeal, and at no time moved for an order compelling arbitration, ‘ ‘ and hence has proceeded so far in the defense of the action that arbitration has been waived. ’ ’
The Court of Appeals in Matter of Zimmerman v. Cohen (236 N. Y. 15, 19) pointed out: “The plaintiffs made their election when they brought their action against the defendant ignoring the agreement to arbitrate. The defendant made his election when he answered, setting up a counterclaim upon which he asked the court to give judgment against the plaintiffs, gave notice of trial and procured an order for the taking of a deposi *657 tion in preparation for trial. The acts were clearly inconsistent with the defendant’s later claim that the parties were obligated to settle their differences by arbitration. ”
In Matter of Zimmerman v. Cohen (supra), no right to arbitration was asserted either by the answer or otherwise, and the defendant waited nearly two years after the action was placed on the calendar of the court before demanding arbitration, and such circumstances were held to indicate a waiver or abandonment of the right to arbitrate. ‘ ‘ The rule to be drawn from the authorities is that whether the participation in an action is a waiver of the right to arbitration depends on whether the participation demonstrates an intention to abandon such right. A defendant, if he takes an active part running for an extended period of time in the action and who also requests affirmative relief going to the merits of the arbitrable claim, may be held to have lost his right to arbitrate (Matter of Zimmerman v. Cohen, 236 N. Y. 15; Ted Stoppick & Co. v. Ernest Glick Co., 110 N. Y. S. 2d 850). However, a party cannot reasonably be deemed to have waived a remedy unless he seeks others, knowing that they are exclusive (Matter of United Paper Mach. Corp. [DiCarlo], 19 A D 2d 663).” (Par Plumbing Co. v. Oxford Hall Corp., 43 Misc 2d 792, 793.)
“ Parties to a contract containing an arbitration clause may waive their rights to arbitration * * * Such a waiver must be based upon an intentional abandonment or relinquishment of a known right, but beyond this there is no set rule as to what constitutes a waiver or abandonment of the right to arbitrate; the question depends upon the facts of each particular case.” (21 Carmody-Wait, New York Practice, § 69, p. 460.) (See, also, 21 Carmody-Wait, New York Practice, § 71, p. 463, and cases cited.) It should also be noted that it is the public policy of the State that ‘ ‘ those who agree to arbitrate should be made to keep their solemn, written promises.” (Matter of Grayson-Robinson Stores, 8 N Y 2d 133,138.)
The court concludes that there has not been such a delay in acting or such unequivocal act by the defendant Lorson as to constitute a waiver. (See 8 Weinstein-Korn-Miller, N. Y. Civ. Prac., par. 7503.16; Matter of Haupt v. Rose, 265 N. Y. 108; Short v. National Sport Fashions, 264 App. Div. 284; Matter of Terminal Auxiliar Maritima [Winkler Credit Corp.), 6 N Y 2d 294, 299; Hamilton & Co. v. American Home Assur. Co., 21 A D 2d 500, and cases cited.) Upon application to compel arbitration, an automatic stay is granted by CPLE 7503 (subd. [a]) if the application is granted, of the action, or so much of it as *658 is referable to arbitration. The stay should apply to the action against Meinhard as well as with respect to the action against the defendant Lorson, though Lorson alone is a party to the arbitration agreement. (Dot’s Blvd. Corp. v. Rosenfeld, 285 App. Div. 425.)
The plaintiff by cross motion requests an order, as stated in the cross notice of motion: “ [Providing for the taking of the deposition upon oral questions of Frank E. Lorson as Executive Vice-President of Lorson Electric Co., Inc., and providing that the said Frank E. Lorson be required to produce for and on behalf of Lorson Electric Co., Inc. at such examination all those certain books, records, contracts and writings of every kind in any way relating to the electrical installation in connection with the food processing plant at the plant site of the Great Atlantic & Pacific Tea Company, Inc. at Horseheads, New York, by ‘ Lorson-Kelly Electric Co. ’ and also any writings or memoranda of any kind from the defendant, Meinhard-Commercial Corporation to Lorson Electric Co., Inc. relating to the aforesaid installation or to the general financial status of the defendant, Lorson Electric Co., Inc., at such time and place and before such officer as the court may direct in order to aid G. H. & J. T. Kelly, Inc., in bringing an action against Meinhard-Commercial Corporation upon the ground that said G. H. & J. T. Kelly, Inc. has a cause of action against the said Meinhard-Commercial Corporation but lacks a writing or memorandum signed by a duly authorized agent of said Meinhard-Commercial Corporation, and for such other and further relief as to this court may seem just and proper, together with the costs of this motion.”
The affidavit submitted upon this motion states: “ 3. Defendant Meinhard-Commercial Corporation has not been served with a Summons or Complaint in the above captioned matter. The gravamen of the cause of action against the defendant, Meinhard-Commercial Corporation, is suretyship. The agreement set forth in the Complaint between plaintiff and defendant Meinhard-Commercial Corporation was oral. In order to maintain this action against the said Meinhard-Commercial Corporation, it is necessary that the plaintiff discover whether or not a writing exists which states in words or substance that Meinhard-Commercial Corporation has agreed to indemnify Lorson Electric Co., Inc. and to hold plaintiff harmless by reason of its indebtedness.”
This court concludes that plaintiff’s cross motion should be denied with leave to renew upon determination of the issues to be decided in the arbitration proceeding, and without costs. (See Stewart v. Socony Vacuum Oil Co., 3 A D 2d 582; Matter *659 of Katz [Burkin], 3 A D 2d 238; Matter of MVAIC [McCabe], 19 A D 2d 349; Matter of’ Passik [MVAIC], 42 Misc 2d 447; Bonneau v. Bonneau, 23 Misc 2d 513.)
Accordingly, the motion of the defendant Lorson should he granted, without costs; plaintiff’s cross motion should be denied with leave to renew, and without costs.