Frank J. Pino, J.
In this application for the arbitration of a dispute arising out of an alleged contract, petitioner moves for an order pursuant to CPLR 7503 (subd. [b]) staying such arbitration and directing that a trial by jury be had of the issue as to the making of the contract. The respondent cross-moves for an order pursuant to CPLR 7503 (subd. [c]) vacating and setting aside the service of the prime motion on the ground that the service was improper and untimely.
Without discussing the merits of the contract it is undisputed that the respondent on November 30, 1964, served by certified mail a notice labeled ‘‘ Demand for Arbitration,” demanding arbitration of a dispute arising from the terms of the contract. It contained the language required by CPLR 7503 (subd. [c]) “ that unless you apply to stay arbitration within ten (10) days after the service upon you of this demand for arbitration, you shall thereafter be precluded from objecting that a valid agreement was not made or has not been complied with”. The demand, in addition to the language quoted, further contained in substance other essential elements required by the section, i.e., the arbitration clause of the agreement, the nature of the dispute, the claim for relief, the place of arbitration, etc. The section directs that notice be served in the same manner as a summons or by registered or certified mail, return receipt requested. It further provides that any application to stay arbitration must be made by the party served within 10 days after service upon him of the notice to arbitrate, or he shall be precluded. Notice of such application to stay shall be served in the same manner as a summons or by registered or certified mail, return receipt requested. (Emphasis supplied.)
Petitioner’s motion, served by ordinary mail, was not a compliance with service as required by statute, and was deposited in a mailbox on December 11, 1964, and received by the respondent on December 14, 1964.
*378 Petitioner strenuously advances the argument that since the respondent failed to serve a notice of intention to arbitrate in accordance with CPLR 7503 (subd. [c]), but instead served a demand for arbitration, there was no compliance with the statute and accordingly no obligation on its part to satisfy the statute, and that, in any event, the service by it was within the statutory period.
The issues thus presented are whether the form used by the respondent complied with the statute and whether the petitioner waived its right to a stay of arbitration by its failure to comply with the provisions of the statute. While article 75 appears to refer to both a demand for arbitration and a notice of intention to arbitrate, there is no language or restrictions in the respective sections prohibiting a joinder of both in one notice, particularly where the party seeking the arbitration substantially complies with the provisions of CPLR 7503 (subd. [c]).
The section is clear and unambiguous and imposes upon a party seeking a stay of arbitration a definite and distinct procedure to be followed as to the time and manner of service where the notice to arbitrate is sufficiently clear and specific in its terms requiring such compliance with the statute (Matter of Hessleind Co. v. Greenfield, 281 N. Y. 26). The notice for arbitration served by the respondent unquestionably embraces the intent and scope of the statute, which cannot be said for the application served by the petitioner for the stay (Matter of MVAIC v. Fenrich, 33 Misc 2d 200; MVAIC v. Coccaro, N. Y. L. J., Feb. 7, 1962, p. 14, col. 6 [Cone, J.]).
To lend support to the petitioner’s contention that a notice labeled “ Demand for Arbitration” prohibits and excludes the use of the provisions of CPLR 7503 (subd. [c]) relating to a “notice of intention to arbitrate,” would defeat a reasonable interpretation of the measure.
Assuming arguendo that the motion for a stay was served by certified mail, the petitioner cannot confer jurisdiction upon the court by relying upon CPLR 2103 permitting the addition of three days where service of papers is made upon an attorney in a pending action. The commencement of or the service of a notice of intention to arbitrate is no longer a special proceeding as formerly provided for by section 1459 of the Civil Practice Act. CPLR 7502 (subd. [a]) now specifically states that a special proceeding comes into being when the first application is made to the court arising out of an arbitrable controversy. This provision was intended to change the prior law so that the arbitration would not take on the character of a judicial proceeding until the first application arising out of it is made to the *379 court (8 Weinstein-Korn-Miller, N. Y. Civ. Prac., par. 7502.04). CPLR 2103, under the circumstances, is not applicable and accordingly no action or special proceeding was pending warranting the addition of three days.
The petitioner having failed to comply with the provisions of CPLR 7503 (subd. [e]), it is precluded from litigating the issue of the existence of the contract before a court or jury. Accordingly the petitioner’s motion should be denied and the respondent’s cross motion granted.