In the Matter of the Arbitration between FINEST RESTAURANT CORP., Petitioner, and L & A MUSIC Co., INC., Respondent.

Supreme Court, Special Term, New York County, November 16, 1966.

*Julius Roth* for petitioner. *Jesse B. Hecht* for respondent.

THOMAS C. CHIMERA, J. This is a motion by respondent to vacate and set aside a notice and petition for a stay of arbitration on the ground that the application was untimely brought.

On September 30, 1966, respondent forwarded a written demand for arbitration with a 10-day caveat clause pursuant to CPLR 7503 (subd. [c]), by registered mail, return receipt requested. It was received by petitioner on October 3, 1966. Petitioner forwarded a notice and petition for stay of arbitration, also by registered mail, return receipt requested, on October 11, 1966.

CPLR 7503 (subd. [c]) provides that if a party is served with a demand for arbitration as provided therein containing the 10-day time limitation and fails to apply for a stay of the arbitration " within ten days after such service he shall thereafter be precluded from objecting that a valid arbitration agreement was not made or has not been complied with and from asserting in court the bar of a limitation of time. Such notice shall be served in the same manner as a summons or by registered or certified

mail, return receipt requested. An application to stay arbitration must be made by the party served within ten days after service upon him of the notice or he shall be so precluded.''

Petitioner contends that CPLR 2103 (subd. [b], par. 2), providing for an additional three days to be added to a prescribed period when service is made by mail, must be invoked here. Respondent, on the other hand, maintains that service under the statute is effected when the papers are posted.

CPLR 2103 (subd. [b], par. 2) is not applicable. It applies to service of intermediary papers *on an attorney*, once an action or proceeding has been commenced. The service of a notice of intention to arbitrate is not the commencement of an action or special proceeding.

CPLR 7502 (subd. [a]) specifically provides that a special proceeding comes into being when the notice and petition for stay of arbitration is served.

Authorities holding that when a notice is required to be served within a specified period, service is complete upon posting the notice, are not applicable here either. The distinction between such cases and cases in which a period of time prescribed by law is to be measured from service of a prior paper, is too obvious to warrant any extended discussion.

If the Legislature intended that mere posting be service, why did it not say so? The statute, CPLR 7503 (subd. [c]) does of course permit service by mail. It is conspicuously silent however, on the question when such service is to be deemed complete.

In the opinion of this court, the section, CPLR 7503 (subd. [c]), is not as clear and unambiguous as my learned colleague in *Matter of Beverly Cocktail Lounge (Emerald Vending Mach.)* (45 Misc 2d 376, 378) ruled it to be.

If the language of a statute is vague, ambiguous or uncertain, courts are not proscribed from applying time-honored presumptions to the legislative process in an attempt to ferret out the legislative intent, and, certainly, courts should not presume that the Legislature is not cognizant of facts of which a court itself may take judicial notice.

In *People* v. *Meakim* (133 N. Y. 214) we find the following significant language (p. 220) : '' What is necessarily implied is just as much a part of the statute as if it were specially written therein.'' Is there any question that the Legislature intended that a petitioner, under the statute (*supra*), was to have 10 full days within which to perform the act specified?

Did the Legislature intend to establish two cut-off periods — a longer period for relatively difficult personal service and a

shorter one for unquestionably simple and less expensive mailing service. Stated differently — did it intend that a person served by mail should have less time within which to act than one served personally?

An interpretation which denies a petitioner the right to commence a proceeding for a stay of arbitration, by mail, unless his notice and petition is posted within 10 days of his opponent's posting would fail to take into account the possibility, however rare, that the post office may not deliver the mail within 10 days from posting and ignores the fact that by its very nature, mailing invariably has the effect of denying the addressee at least some portion of the time afforded him under the statute. The court cannot logically conclude that the Legislature intended to " short change " one class of petitioner and " enrich " another and therefore will not say that mere posting completes service.

Did the Legislature provide for a useless act? The statute (*supra*) requires that if service be made by mail, it must be registered or certified, *return receipt requested*. We may assume that the purpose for registering or certifying is to insure delivery and perhaps to establish that the notice was in fact mailed. What useful purpose would a return receipt serve unless it be to determine *when* the mail was delivered.

The power of an addressee to forestall *actual* delivery is evident and therefore this court cannot logically conclude that the date of *actual* delivery was intended by the Legislature as the effective date of service on him under the statute. But the court can and will conclude that *constructive* delivery was intended, since evidence of attempted delivery at least, is a concomitant of the U. S. Post Office operation relating to the delivery of registered or certified mail, *return receipt requested.*

It is a fact of widespread knowledge and the court takes judicial notice of it, that in a case involving registered or certified mail, *return receipt requested,* the postal authorities indicate the date of *actual* delivery by appropriate markings on the return receipt card and the date of *attempted* delivery on the envelope itself, before returning the one or the other to the sender, as circumstances may warrant.

To sum up then, it is the opinion of this court that service by mail, in the fair sense of the statute (*supra*), is effected on the date when the postal authorities deliver or first attempt to deliver the registered or certified mail. To rule otherwise would be to say that in providing for " return *receipt requested* " the Legislature was doing a useless act, and this too is a presumption that courts may not and will not indulge in.

On this conclusion, the notice and petition to stay arbitration is ruled timely served and the motion to vacate and set aside the service of the afore-mentioned notice and petition is denied in all respects.