■ MONARCH INSURANCE COMPANY, Respondent, v. MARVIN POLLACK et al., Appellants.— In a proceeding to stay arbitration, the appeal is from a judgment of the Supreme Court, Suffolk County, entered January 9, 1968, which granted the application. Judgment reversed, on the law and the facts, with $10 costs and disbursements, and petition dismissed on the merits. This appeal presents an interesting question of statutory construction. Appellants served the Monarch Insurance Company (hereinafter alternately referred to as " Monarch " or " petitioner ") with a notice of intention to arbitrate certain alleged arbitrable demands for loss due to personal injuries sustained in an automobile accident. Service was by certified mail, return receipt requested. As evidenced by the return receipt, the notice was delivered to and received by Monarch on *November 8, 1967* and it fully conformed with the provisions of CPLR 7503 (subd. [c]), including the caveat that Monarch apply within 10 days for a stay or be precluded from objecting to the validity of the agreement to arbitrate. On *November 20, 1967,* Monarch sent by registered mail, return receipt requested, the petition herein to stay arbitration to appellants' attorney. It was received the following day, November 21. Appellants opposed the petition as untimely on the ground that under CPLR 7503 (subd. [c]) petitioner was required to make application to stay arbitration within 10 days after service upon it of the notice of intention to arbitrate, and that such period had expired on November 18, 1967 since the notice was actually delivered on November 8. Monarch's position was that its time to apply was extended three days until November 20 by reason of the fact that service was made upon it by mail. Special Term, relying on CPLR 2103, agreed with Monarch that service by mail of the notice of intention to arbitrate added three days to the prescribed period and held that the petition to stay arbitration was timely. In our opinion, CPLR 2103 is not applicable, the petition to stay arbitration was not timely, and the judgment appealed from must be reversed. CPLR 2103 (subd. [b]) provides in pertinent part that " papers to be served upon a party *in a pending action* shall be served upon his attorney " (emphasis supplied). It further provides that when service is made upon the attorney by mail, which is complete upon deposit in a post office or other official depository, and there is a period prescribed by law measured from the time of service, then " three days shall be added to the prescribed period ". This section has no application at bar because there was *no action or proceeding pending* until Monarch served its petition to stay arbitration. The petition instituted the " special proceeding " authorized by CPLR 7502 (subd. [a]). It was the *first* application arising out of the arbitrable controversy brought before the court (*Matter of Jonathan Logan, Inc.* [*Stillwater Worsted Mills*], 31 A D 2d 208, 209, affd. 24 N Y 2d 898; *Matter of State-Wide Ins. Co.* [*Lopez*], 30 A D 2d 694). CPLR 2103 (subd. [b]) applies to service of *intermediary* papers once an action or proceeding has been commenced (see *Matter of Finest Rest. Corp.* [*L & A Music Co.*], 52 Misc 2d 87, 88). Since we hold that Monarch's time to apply for a stay was not extended three days by CPLR 2103, the question is when in fact did it expire. The notice of intention to arbitrate was received (and receipt was acknowledged) by Monarch on November 8. In our opinion, the 10 days within which to apply started to run from that day. On that day Monarch had actual notice of the intent to arbitrate. The notice was given not by personal service but by something just as effective, certified mail, return receipt requested (CPLR 7503, subd. [c]). As the legislative history indicates, this alternate means of service of the notice of intention was added to the statute at the suggestion

of a number of Bar Associations to conform with actual practice (Sixth Report Relative to Rev. of Civ. Prac. Act; N. Y. Legis. Doc., 1962, No. 8, p. 650). The implication is that practitioners in the arbitration field had satisfied themselves of the efficacy of service by registered or certified mail and of the conclusory nature of the signed and dated receipt which fixes the time of actual delivery of the notice of intention to arbitrate. In short, when CPLR 7503 (subd. [c]) states that an application to stay arbitration must be made by the party served " within ten days after service *upon him* of the notice" (emphasis supplied), it means within 10 days of his receipt of the notice (see *Matter of Finest Rest. Corp.* [*L & A Music Co.*], *supra*). Monarch's application was not made within said period. Hopkins, Acting P. J., Benjamin, Munder, Martuscello and Kleinfeld, JJ., concur.