A. Franklin Mahoney, J.
Petitioner has instituted this proceeding for a judgment pursuant to article 78 of the CPLR, reinstating him to his position as a Meat Inspector in the employ of respondent. The papers reveal that petitioner was appointed a Meat Inspector trainee on September 11, 1969, with a probationary period of one year, after passing a civil service examination for the position. From September 15,1969 through October 3, 1969 petitioner attended a training class on “ travel status ’ ’, such status being necessitated by his living away from home. From October 6,1969 to January 30,1970 petitioner was engaged as a Meat Inspector trainee at Five Star Provision Co., Inc. in Brooklyn, New York. On January 23, 1970, a letter was sent by certified mail to the petitioner from the respondent’s department, notifying him that in accordance with the Rules for the Classified Service relating to the probationary term for employees his services would be terminated at the close of business on January 30, 1970 for unsatisfactory performance during his probationary period. Petitioner alleges he received this letter on January 27,1970. On April 2,1970 petitioner was interviewed by a representative of the Department of Agriculture and Markets.
Petitioner raises the question of the timeliness of the notice terminating his services. CPLR 2103 provides for an extension of time for notice by mail. However, the rule specifies the extension is related to service of papers upon attorneys. In Cosmopolitan Mut. Ins. Co. v. Moliere (31 A D 2d 924) the court said: ‘ ‘ The provisions of CPLR 2103 apply only to pending actions and proceedings and not to a notice of intention to arbitrate *882 which itself initiates the proceeding.” The basic rule is that service is made at the time of mailing, not at the time of receipt of the mail. As the court said in Matter of Going v. Kennedy (5 A D 2d 173) a case in which notice of termination of service was not served on the date required by the rules, ‘ ‘ there was a substantial compliance with the rule. As was said in Matter of Dalton v. Darlington (123 App. Div. 855, supra) the primary purpose of civil service laws and rules is- to promote the good of the public service, and that purpose is not to be frustrated by technical or narrow constructions.’ ” It is the opinion of the court that the notice herein was sufficient.
Petitioner raises the point that the termination of his services was void under the provisions of the Rules for the Classified Service. The provisions which appear to be applicable to petitioner are set forth as follows:
“ The probationary term for a trainee appointment or trainee promotion shall coincide with the term of training service. If the conduct or performance of the probationer is not satisfactory his employment may be terminated at any time after the completion of a specified minimum period of service and on or before the completion of the term of training service. Such specified minimum period of service, unless otherwise prescribed in the announcement of examination, shall be 12 weeks.” (4 NYCRR 4.5[b].)
“ Report on service of and ngtice to probationer. The probationer’s supervisor shall carefully observe his conduct and performance and, at least two weeks prior to the end of the probationary term, shall report thereon in writing to the proper appointing authority. The supervisor shall also, from time to time during the probationary term, advise the probationer of his status and progress. A probationer whose services are to be terminated for unsatisfactory service shall receive written notice at least one week prior to such termination and, upon request, shall be granted an interview with the appointing authority or his representative. ” (4 NYCRR 4.5 [i].)
A reading of both sections in juxtaposition leads the court to the conclusion that the termination of petitioner’s employment was not illegal. 4 NYCRR 4.5(b) provides a probationer’s employment may be terminated at any time after 12 weeks of service; in this case, there is no requirement for employment throughout the probationary period. Section 4.5 (i) is not in contradiction of the preceding section but rather provides the requirements applicable to a discharge. In that connection, petitioner was granted the interview provided for in section *883 4.5 (i). These sections have been complied with in the instant proceeding.
Petitioner claims also that his discharge was unreasonable, arbitrary and capricious. In opposition, respondent submits work evaluation reports made by petitioner’s superiors, together with specific allegations of misconduct. It is not the province of the court to substitute its judgment of work performance for that of petitioner’s superiors charged with that duty. There appears to be sufficient evidence submitted on which respondent could have based his determination; the court cannot find such determination arbitrary, capricious or unreasonable.
The court is constrained to dismiss the petition.