■ HAZEL DENSON, Petitioner, v. BUFFALO EVENING NEWS, INC., Respondent.— Proceeding unanimously dismissed, without costs. Memorandum: This special proceeding under section 298 of the Executive Law was begun by filing a petition and notice of motion in this court with proof of service thereof upon respondent several days after the statutory period of 30 days (plus three days allowed because of service by mail [CPLR 2103, subds. (c), (b), par. 2]) from the service on petitioner of the determination of the Appeal Board. That statute provides in part, " A proceeding under this section when instituted by any complainant, respondent or other person aggrieved *must be instituted within thirty days after the service of such order* " and " Such proceeding shall be initiated by 'the filing of a petition in such court, together with a written transcript of the record of all prior proceedings and *the issuance and service of a notice of motion* returnable before such appellate division of the supreme court. *Thereupon the court shall have jurisdiction of the proceeding* " (emphasis supplied). This court, therefore, has no jurisdiction to entertain this proceeding (see *Matter of State Div. of Human Rights* v. *Fairway Apts. Corp.,* 39 A D 2d 761, affd. 33 N Y 2d 754; *Matter of Walter* v. *State Div. of Human Rights,* 36 A D 2d 769; *Matter of State Div. of Human Rights* v. *Merante,* 35 A D 2d 652; *Matter of Hempstead Volunteer Fire Dept.* v. *New York State Div. of Human Rights,* 35 A D 2d 601; see, also, CPLR 5513, subd. [a]; and *Lyttle* v. *Mancuso,* 28 N Y 2d 516; *Ocean Acc. & Guar. Corp.* v. *Otis Elevator Co.,* 291 N. Y. 254). Despite the foregoing, we have examined the papers in this proceeding and were we to reach the merits we would deny the application to reinstate the complaint and would confirm the determination. (Review of order of State Division and Appeal Board dismissing complaint of discrimination.) Present — Witmer, J. P., Cardamone, Simons, Mahoney and Goldman, JJ.