■ STATE DIVISION OF HUMAN RIGHTS, Respondent, v XEROX CORPORATION, Petitioner.—Determination unanimously annulled, without costs, and appeal to the State Human Rights Appeal Board dismissed. Memorandum: This is a special proceeding brought pursuant to section 298 of the Executive Law. Darnell Boyd (complainant) filed a complaint against petitioner with the State Division of Human Rights (Division), asserting discrimination with respect to his employment. On May 25, 1976 a copy of the Division's determination dismissing the complaint was mailed by certified mail to both complainant and petitioner. The return receipts show that petitioner received its copy on May 26, 1976 but complainant did not receive his copy

until June 4, 1976. Complainant filed a notice of appeal to the State Human Rights Appeal Board (Appeal Board) on June 17, 1976. Petitioner's motion to dismiss the appeal as untimely was denied by the Appeal Board, and petitioner now seeks to vacate the Appeal Board determination and dismiss the appeal. The Appeal Board has the power to hear appeals from all orders of the Division "provided such appeals are commenced by filing with the board of a notice of appeal within fifteen days after service of such order" (Executive Law, § 297-a, subd 6, par c). If the appeal is not timely filed, the Appeal Board is without jurisdiction to review a determination of the Division (*Matter of Walter v State Div. of Human Rights,* 36 AD2d 769; cf. *Matter of State Div. of Human Rights v Merante,* 35 AD2d 652). Petitioner argues that the time period in which to appeal began to run on the date the Division's determination was mailed. The Appeal Board found that it did not begin to run until actual receipt of the determination by the complainant. A determination of the Division must be served by "personal service or registered or certified mail, or ordinary, first class mail" (9 NYCRR 465.2). There being no provision in the Executive Law or the rules of practice promulgated thereunder as to when service is effected where it is made by mail, the provisions of CPLR 2103 apply, and service of the Division's determination upon the complainant was complete when it was deposited for mailing (CPLR 2103, subd [b], par 2; *A. & B. Serv. Sta. v State of New York,* 50 AD2d 973; *Matter of Rosenberg v Wickham,* 63 Misc 2d 880, affd 36 AD2d 881; *Jackson & Perkins Co. v Rose Fair,* 278 App Div 890). The 15-day period prescribed in the Executive Law for the filing of an appeal was extended by three days (CPLR 2103, subd [b], par 2) and the complainant thus had 18 days from the date of mailing in which to appeal. Complainant failed to do so and the Appeal Board is without jurisdiction to entertain the appeal. While the strict application of CPLR 2103 may well work an injustice in many cases, the remedy lies with the Legislature, not the courts. (Proceeding pursuant to Executive Law, § 298.) Present—Marsh, P. J., Cardamone, Dillon, Goldman and Witmer, JJ.