■ In the Matter of WALTER MOTOR TRUCK Co., Petitioner, v NEW YORK STATE HUMAN RIGHTS APPEAL BOARD, Respondent.—Proceeding instituted in this court pursuant to section 298 of the Executive Law to review an order of the State Human Rights Appeal Board, dated February 17, 1978, which dismissed petitioner's appeal as untimely filed. On August 2, 1976, Norma Mills, a former employee of petitioner, filed a verified complaint with the State Division of Human Rights alleging petitioner discriminated against her because of her race and color in violation of the Human Rights Law of the State of New York. The case came on for a hearing held on February 15, 1977 before a hearing examiner of the division. Thereafter, the division determined that petitioner had discriminated against the complainant. An order containing said determination dated November 21, 1977 together with a notice of order were served on petitioner by regular mail on November 22, 1977 by the division. Petitioner was closed for the Thanksgiving holiday and for the following Friday and did not receive said order and notice until Monday, November 28, 1977. An appeal was filed with the appeal board on December 12, 1977. By order dated February 17, 1978, the appeal board dismissed the appeal on the ground the board lacked jurisdiction because the appeal had not been filed within 15 days of service of the order. The appeal board erred. The matter should be reversed and remitted to the appeal board for a determination on the merits. We find that the filing of the notice of appeal was timely. Under the provisions of CPLR (2103, subd [c]; subd [b], par 2), petitioner was entitled to three additional days time within which to file the notice of appeal to the board (*Caraballo v State Div. of Human Rights,* 59 AD2d 871; *State Div. of Human Rights v Xerox Corp.,* 57 AD2d 1069). Petitioner's time then would have expired on a Saturday, a holiday, and filing on the following Monday, the next business day, was therefore timely (General Construction Law, § 25-a). Petition granted, with costs; order annulled and matter remitted for a determination on the merits. Greenblott, J. P., Sweeney, Main, Larkin and Mikoll, JJ., concur.

■ CLUB DEVELOPMENT CORPORATION, Respondent, v WALL-NUT WALLS SHOPPE, INC., et al., Appellants.—Appeal from an order and judgment of the Supreme Court at Special Term, entered December 21, 1977 in Cortland County, which dismissed the defendants' counterclaims and granted plaintiff partial summary judgment for the rent due in May of 1977. Order and judgment affirmed, with costs, on the opinion of Yesawich, J., at Special Term. We would only add that the defendants' charge of partiality on the part of Special Term is entirely unfounded and devoid of any semblance of merit. Greenblott, J. P., Kane, Staley, Jr., Main and Herlihy, JJ., concur.