■  In the Matter of Express Limousine Service, Inc., Respondent, v William C. Hennessy, as Commissioner of the Department of Transportation of the State of New York, Appellant.—Appeal from a judgment of the Supreme Court at Special Term, entered April 13, 1979 in Albany County, which granted petitioner's application, in a proceeding under CPLR article 78, to vacate an order issued by the Department of Transportation. On September 16, 1976 petitioner applied for a permit to operate as a contract carrier so that it could enlarge its transportation capacity from that of a taxi. A hearing was held and on August 2, 1977 the application was denied. On September 6, 1977 petitioner submitted a "Petition for Rehearing" seeking a reconsideration of the evidence and submitting that upon a proper application of the evidentiary facts to the law, the prior order should be reversed and the application granted. Section 89 of the Transportation Law provides in part as follows: "After an order has been made * * * any

corporation or person interested therein shall have the right to apply for a rehearing * * * within thirty days after the service of such order * * * An application for such a rehearing shall not excuse any corporation or person from complying with or obeying any order or any requirement of any order of the commissioner, or operate in any manner to stay or postpone the enforcement thereof". In response to the September 6, 1977 application, the respondent issued an order dated December 6, 1977 which recites "that sufficient cause for reconsideration has not been made to appear" and ordered that the petition for reconsideration "be and it hereby is denied." Nevertheless, the petitioner again requested further consideration of the present record "or a supplemental record" by way of a letter dated December 23, 1977. On May 9, 1978 the respondent issued an order denying that application upon the ground that "sufficient cause for reconsideration has not been made to appear". This proceeding was commenced on September 15, 1978 and the respondent, *inter alia,* sought its dismissal upon the objection in point of law that the proceeding was untimely commenced as not being within the four-month Statute of Limitations imposed by CPLR 217. The May 9, 1978 order has stamped upon its face that it was served on May 15, 1978 and the petitioner alleged in its CPLR article 78 petition that it was received by it on May 17, 1978. Special Term has found that the Statute of Limitations runs from May 18, 1978, upon the ground that service was by mail (citing CPLR 2103, subd [b], par 2) and, accordingly, commencement of this proceeding on September 15, 1978 was timely. The record contains no facts which would support the finding that service was by mail and, in any event, CPLR 2103 has no application to the service of papers by administrative agencies prior to the commencement of a judicial proceeding (see *Monarch Ins. Co. v Pollack,* 32 AD2d 819). Further, section 85 of the Transportation Law provides for the service of orders and it does not provide for any delay when service is by mail. Assuming that the May 9, 1978 order is the final and binding determination for purposes of CPLR 217, the petitioner has not disputed that service was as authorized in section 85 of the Transportation Law and, accordingly, the petitioner had notice as of May 15, 1978. The commencement of this proceeding on September 15, 1978 would be timely as to the May 9, 1978 order. However, there is no warrant for finding that the order of August 2, 1977 was rendered nonfinal by the subsequent reapplication for reconsideration in December, 1977. It is well established that where a statute authorizes a rehearing upon application of a petitioner the initial order is considered nonfinal for purposes of CPLR 217 "unless the determination to be reviewed was made upon a rehearing, *or a rehearing has been denied,* or the time within which the petitioner can procure a rehearing has elapsed" (CPLR 7801, subd 1; emphasis added; see, also, *Matter of Davis v Kingsbury,* 27 NY2d 567, 569 [dissenting opn]). The record establishes beyond peradventure that the petitioner requested a rehearing and it was denied as of December 6, 1977. The subsequent December 23, 1977 request for further consideration was not filed within 30 days of the initial order as required by section 89 of the Transportation Law and the order of December 6, 1977, being a denial of reconsideration, would not be subject to an application for a rehearing. It should be noted that in the rules and regulations of the Department of Transportation the respondent is authorized to reopen a proceeding or grant a rehearing "at any time and on his own motion" (17 NYCRR 502.10 [a]). However, the discretionary power to rehear or reopen matters exists in nearly all administrative agencies and is not sufficient to render an otherwise final order nonfinal *(Matter of Davis v Kingsbury, supra).* Since the petition must be dismissed

as untimely, we need not consider the further questions as to the propriety of Special Term proceeding to render a judgment on the merits. Judgment reversed, on the law, and petition dismissed, with costs. Sweeney, J. P., Kane, Staley, Jr., Mikoll and Herlihy, JJ., concur.