■ In the Matter of SALVATORE NAVA, Respondent, v WATERFRONT COMMISSION OF NEW YORK HARBOR, Appellant. — In a proceeding pursuant to CPLR article 78 to review a determination of the Waterfront Commission of New York Harbor revoking petitioner's registration as a checker, the commission appeals, as limited by its brief, from so much of a judgment of the Supreme Court, Kings County (Cooper, J.), entered March 17, 1981, as modified the punishment imposed by reducing it to a suspension for a period of six months. Judgment reversed insofar as appealed from, on the law, with costs, and the determination with respect to the penalty is reinstated. The commission determined that the petitioner willfully participated in the theft of 18 cartons of ball bearings and 23 rolls of imitation leather, while acting as a checker at a waterfront terminal and that these acts resulted in his convictions, upon his pleas of guilty, of two counts of petit larceny. In addition the commission determined that the petitioner was not a person of good character in view of these convictions and a prior recent perjury conviction. It imposed the penalty of revocation of petitioner's registration. These findings are supported by substantial evidence. Special Term erred in reducing the penalty to a suspension for a period of six months. A penalty or punishment imposed by an administrative agency is not to be set aside as excessive unless it is " ' "so disproportionate to the offense, in the light of all the circumstances, as to be shocking to one's sense of fairness" ' " (Matter of Pell v Board of Educ., 34 NY2d 222, 233). In view of the nature of the petitioner's knowing misconduct, which concerned the very essence of his job as a checker, it cannot be said that the penalty imposed by the commission was improper. Gulotta, J. P., Margett, Weinstein and Thompson, JJ., concur.

■ In the Matter of MICHAEL PIDGEON, Appellant, v VILLAGE OF CROTON ON HUDSON et al., Respondents. — In a proceeding pursuant to CPLR article 78, inter alia, to review a determination of the respondent plumbing board denying petitioner a master plumber's license, the appeal is from a judgment of the Supreme Court, Westchester County, entered February 2, 1981, which dismissed the proceeding upon the ground that it was time barred. Judgment affirmed, with $50 costs and disbursements, for reasons set forth by Justice Daronco at Special Term (see, also, Matter of Express Limousine Serv. v Hennessy, 72 AD2d 864; Matter of Davis v Kingsbury, 30 AD2d 944, affd 27 NY2d 567). Hopkins, J. P., Damiani, Titone and Mangano, JJ., concur.