■ CHARLES JACKSON, Appellant, v STATE OF NEW YORK, Respondent. (Claim No. 59594.) — Appeals (1) from a judgment of the Court of Claims (Lengyel, J.), entered June 23, 1980, which dismissed the claim, and (2) from an order of said court, entered November 18, 1980, which denied claimant's motion to vacate the judgment. Claimant seeks damages for injuries he sustained on December 30, 1972, while incarcerated at the Clinton Correctional Facility in Dannemora. After trial, the court found that a notice of intention to file a claim was timely filed on March 26, 1973. It further found that the terminal date for the filing of the claim was September 10, 1975 and that the claim was filed with the Chief Clerk of the Court of Claims on that day, but was not served on the Attorney-General's office until September 12, 1975. The court dismissed the claim as being jurisdictionally defective (Court of Claims Act, § 10). Thereafter, claimant moved pursuant to CPLR 4404 (subd [b]) to set aside the judgment of dismissal. After a hearing, the court denied the motion and adhered to its original decision. These appeals ensued. On these appeals, claimant contends that the claim was timely filed and, in the alternative, that the notice of intention to file a claim, which was timely filed and served, should be treated as a claim. Concededly, claimant was required pursuant to sections 10 and 11 of the Court of Claims Act to serve his claim upon the Attorney-General on or before September 10, 1975. This requirement is a condition precedent and the failure to comply precludes the court from accepting jurisdiction (*Calderazzo v State of New York,* 74 AD2d 954). Claimant mailed his claim to the Attorney-General on September 9, 1975, but it was not received until September 12, 1975. It is urged by claimant that pursuant to CPLR 2103, service of the claim was complete on the date it was mailed and, therefore, it was timely served. CPLR 2103 (subd [b]) is concerned with papers to be served in a pending action. In the present case, no action was pending until claimant served his claim instituting the action and, consequently, this

section has no application herein (see *Monarch Ins. Co. v Pollack,* 32 AD2d 819). Accordingly, service upon the Attorney-General was not completed until the claim was received and, thus, was untimely. We also reject claimant's contention that his notice of intention to file a claim should be treated as a claim. A fair reading of the statement clearly establishes that it fails to state a cause of action. It does not allege how the State was negligent in causing claimant's injuries. Such allegations are essential (*Patterson v State of New York,* 54 AD2d 147, 150). There must be an affirmance. Judgment and order affirmed, without costs. Mahoney, P. J., Sweeney, Kane, Casey and Weiss, JJ., concur.