## (May 27, 1982)

■ WILLIAM FIEDELMAN, Appellant, v NEW YORK STATE DEPARTMENT OF HEALTH et al., Respondents. — Judgment, Supreme Court, New York County (Klein, J.), entered September 23, 1981 dismissing petitioner-appellant's CPLR article 78 proceeding as time barred, reversed, on the law, without costs or disbursements, the motion to dismiss denied, and the petition reinstated. The facts have been fairly stated in the dissenting opinion. So has the question presented — whether CPLR 2103 is available to extend the 60-day period of limitations for three days because the order triggering the running of the 60-day period was served by mail. We agree also that the applicability of the three-day extension depends on whether the commissioner's triggering order was "in a pending action". We disagree with the restrictiveness of the dissent's apparent holding that a "pending action" must necessarily be a "judicial action". We disagree with the pivotal finding of Special Term that CPLR 2103 does not apply to papers served by an administrative agency. The holdings of both the dissent and Special Term are in conflict with prior rulings of this court which we find controlling. In *Weingarten v Cohen* (275 App Div 253, affd 300 NY 528), the paper was served by an administrative agency and no judicial action was pending. This court added three days to a six-month period of limitations because the triggering workers' compensation order was served by mail (see, also, *Matter of Bolton v City of New York*, 264 App Div 964; *Matter of Adams v Atlanta Constr. Co.*, 198 App Div 430). So, too, in *Matter of R. E. Assoc. v McGoldrick* (278 App Div 347), the paper was served by an administrative agency and no judicial action was pending. This court added three days to a 30-day period of limitations because the triggering State Rent Administrator's order was served by mail. The dissent would free itself of the constraint of these cases by observing that they were governed by the Civil Practice Act which unlike CPLR 2103 (subd [b]) did not limit the extension of three additional days for mailing to "a pending action". It is true that section 163 of the Civil Practice Act did not use those exact words, but it did restrict its applicability to papers "required to be served in an action" (see L 1920, ch 925, art 18, § 163). We view this change from "required to be served in an action" to "in a pending action" to be a difference without a distinction. It was so

regarded by the draftsmen of the CPLR who reported to the Legislature that section 163 of the Civil Practice Act was "substantially unchanged" (Sixth Report to the Legislature by the Senate Finance Committee Relative to Revision of the Civil Practice Act, NY Legis Doc, 1962, No. 8, p 203). Concur — Murphy, P. J., Kupferman and Lynch, JJ.

Markewich and Fein, JJ., dissent in a memorandum by Fein, J., as follows: Petitioner, a licensed medical doctor, was charged with dispensing controlled medications without proper prescription. After a hearing before a representative of the Commissioner of Health, petitioner was fined $69,020 and his right to issue prescriptions was suspended for a period of two years. The commissioner's order, dated March 26, 1981, was mailed to petitioner and his attorney by certified mail on April 3, 1981, in accordance with subdivision 7 of section 3393 of the Public Health Law as follows: "Any notice, application, order or other paper required to be served upon any party to a proceeding hereunder may be served in person, by registered mail or by certified mail upon either the party or an attorney who has appeared on his behalf." Subdivision 1 of section 3394 of the Public Health Law provides for "judicial review as provided in article seventy-eight of the civil practice law and rules." "Application for such review must be made within sixty days after service of the order or determination upon the person whose license, certificate, right or privilege is affected thereby or upon the attorney of record for such person." (Public Health Law, § 3394, subd 2.) This proceeding was commenced by order to show cause and petition served upon respondents on June 4, 1981, the sixty-second day after mailing of the administrative determination. The order to show cause was dated June 2, 1981, the sixtieth day. The question is when the service was complete and, if complete upon mailing, whether the 60-day period of limitation should have been extended three days for mailing (CPLR 2103), so as to have commenced on April 6, thus giving petitioner at least until June 5 to institute this proceeding timely. Special Term dismissed the petition as untimely, ruling that the additional time for mailed service under CPLR 2103 did not apply to papers served by an administrative agency. CPLR 2103 (subd [b], par 2; subd [c]) prescribe the following with respect to service of papers on a party or his attorney "in a pending action": "(b) Upon an attorney. Except where otherwise prescribed by law or order of court, papers to be served upon a party in a pending action shall be served upon his attorney * * * 2. * * * where a period of time prescribed by law is measured from the service of a paper and service is by mail, three days shall be added to the prescribed period * * * (c) Upon a party. If a party has not appeared by an attorney or his attorney cannot be served, service shall be upon the party himself by a method specified in paragraph one, two or four of subdivision (b)." The applicability of the three-day extension rule turns on whether the commissioner's order was served here "in a pending action" (CPLR 2103, subd [b]). In *Matter of Express Limousine Serv. v Hennessy* (72 AD2d 864), a CPLR article 78 proceeding to challenge denial of a carrier permit, the petition was dismissed because it sought to review an order which had been rendered upon an untimely application for reconsideration. Although not necessary to the decision, the court noted that "CPLR 2103 has no application to the service of papers by administrative agencies prior to the commencement of a judicial proceeding" (72 AD2d, *supra,* at p 865). In *Jackson v State of New York* (85 AD2d 818, 818-819) it was ruled: "CPLR 2103 (subd [b]) is concerned with papers to be served in a pending action. In the present case, no action was pending until claimant served his claim instituting the action and, consequently, this section has no application herein (see *Monarch Ins. Co. v Pollack,* 32 AD2d 819)." The notice of appeal from a referee's decision to the Unemployment Insurance Appeal Board under

section 621 of the Labor Law was held to be not subject to the "three-day mailing rule" (CPLR 2103, subd [b], par 2) because of the "explicit provisions" of that section of the Labor Law (*Matter of Moses [Bullard Orchards--Catherwood]*, 31 AD2d 772). Similar rulings have issued even where the statutory period sought to be extended is initially only 10 days. For example, in a summary dispossess proceeding for failure to comply with a 10-day written notice to cure, the court refused to apply the three-day extension to the 10-day period where the notice was served by mail (*Trustees of Columbia Univ. v Bruncati*, 77 Misc 2d 547, affd 46 AD2d 743). And in special proceedings under CPLR article 75 to stay arbitration, the three-day provision of CPLR 2103 (subd [b]) has been held inapplicable even though the notice of intention to arbitrate was served by mail. "This section has no application at bar because there was *no action or proceeding pending* until Monarch served its petition to stay arbitration. The petition instituted the 'special proceeding' authorized by CPLR 7502 (subd. [a])." (*Monarch Ins. Co. v Pollack, supra;* see, also, *Cosmopolitan Mut. Ins. Co. v Moliere*, 31 AD2d 924; *Matter of Beverly Cocktail Lounge [Emerald Vending Mach.]*, 45 Misc 2d 376.) The allowance of three additional days for response where the prior paper has been served by mail predates the 1962 adoption of the CPLR. The present wording of CPLR 2103 (subd [b]) first appeared as proposed rule 32.3 in the Second Preliminary Report of the Advisory Committee on Practice and Procedure (NY Legis Doc, 1958, No. 13). The committee there generally indicated that this newly proposed rule was derived from an amalgamation of sections 163, 163-a and 164 of the Civil Practice Act and rule 20 of the Rules of Civil Practice. The language specifically extending the prescribed period by three days (CPLR 2103, subd [b], par 2) was said to be derived from section 164 of the Civil Practice Act with "[n]o change in substance * * * intended" (Advisory Committee Notes to Tentative Draft of rule 32.3, Second Preliminary Report of Advisory Committee on Practice and Procedure, NY Legis Doc, 1958, No. 13, p 178). In construing the predecessor statute (Civ Prac Act, § 164), this court allowed three additional days to commence an article 78 proceeding to review an order of the Rent Administrator served by mail (*Matter of R. E. Assoc. v McGoldrick,* 278 App Div 347; see, also, *Weingarten v Cohen,* 275 App Div 253, involving commencement of a third-party action six months after receipt of mailed notice of a workers' compensation award). However, at the time of those decisions, relied on by the majority, section 164 of the Civil Practice Act read as follows: *"Where it is prescribed by statute or in the rules of civil practice that a notice must be given or a paper must be served,* within a specified time before an act is to be done; or that the adverse party has a specified time after notice or service within which to do an act; if service is made through the post-office, pursuant to statute or rule, three days shall be added to the time specified". (Emphasis added; *Weingarten v Cohen,* 275 App Div, *supra,* at p 254.) The difference in language is plain. The precise language at issue here ("in a pending action"), contained in the opening sentence of CPLR 2103 (subd [b]), prefatory to the rules on service by mail in CPLR 2103 (subd [b], par 2) has *no* identical source in the predecessor statute or rules. As indicated, this terminology was first introduced in the tentative draft of subdivision (b) of rule 32.3 in 1958 (Second Preliminary Report of Advisory Committee on Practice and Procedure, NY Legis Doc, 1958, No. 13, p 176), without comment. It was not until three years later, when the text next appeared as proposed subdivision (b) of rule 2153 in the Final Report of the Advisory Committee on Practice and Procedure (Advance Draft, 1961, p A-369), later published as the Fifth Preliminary Report to the Legislature by the Senate Finance Committee and the Assembly Ways and Means Committee Relative to Revision of the Civil Practice Act (NY

Legis Doc, 1961, No. 15, pp 355-356), that this language was for the first time accompanied by any comment or explanation as to specific derivation. Even then, the report merely indicated that this sentence had its "present counterpart" in section 163 of the Civil Practice Act, which was "substantially unchanged". The same comment accompanied a verbatim repetition of this text in the Sixth Report to the Legislature by the Senate Finance Committee Relative to Revision of the Civil Practice Act (NY Legis Doc, 1962, No. 8, pp 202-203), the only difference being the redesignation of this provision as subdivision (b) of rule 2103, the form in which it was enacted into law later that year. It is clear that section 163 of the Civil Practice Act had nothing to do with the three-day extension rule, then covered by section 164 of the Civil Practice Act, an independent section. Rather, it was concerned with when service had to be made upon an attorney. The opening sentence of section 163, which is the counterpart to the language at issue in the instant appeal, read: "Where a party has appeared, a notice or other paper required to be served *in an action* must be served upon his attorney." (Emphasis added.) There is no reference to a *pending* action. That word in the opening sentence of CPLR 2103 (subd [b]) is new. The majority concludes that because the Sixth Report to the Legislature by the Senate Finance Committee Relative to Revision of the Civil Practice Act (NY Legis Doc, 1962, No. 8, p 203) described the opening sentence of CPLR 2103 (subd [b]) as "substantially unchanged" from section 163 of the Civil Practice Act, we are to construe the inclusion of the phrase "in a pending action" as without significance. Although the legislative history is unrevealing as to the reason for inclusion of the word "pending", the language is plain and the difference between the Civil Practice Act and CPLR provisions in this respect is clear. There is a manifest change from the language of section 164 of the Civil Practice Act "[w]here it is prescribed by statute or in the rules of civil practice[*] that a notice must be given or a paper must be served". There is thus no reason to ignore recent appellate decisions applying the "pending action" requirement to cases involving the three-day extension rule. Since the adoption of the CPLR, the extension of three additional days in which to commence a special proceeding under the Human Rights Law (Executive Law, § 298) has been acknowledged, although not necessary to decision, in *Denson v Buffalo Evening News* (45 AD2d 931), *State Div. of Human Rights v Ganley* (37 AD2d 983) and *State Div. of Human Rights v Xerox Corp.* (57 AD2d 1069). It has been noted, however, that the rules of the State Human Rights Appeal Board explicitly permit an additional three days for mailing throughout the administrative appeal process (9 NYCRR 550.10 [f]; *Caraballo v State Div. of Human Rights,* 59 AD2d 871). On the other hand, there is no authority for allowing an additional three days for the commencement of an action or special proceeding where the notice of the order sought to be reviewed has been mailed unless the governing statute provides for same (see *Jones v Aetna Ins. Co.,* 59 Misc 2d 698, 699-700, affd 35 AD2d 738, affd 29 NY2d 772). Nothing in the Public Health Law warrants the conclusion that the three-day extension is applicable. Subdivision 7 of section 3393 of the Public Health Law provides for service of the commissioner's order "in person, by registered mail or by certified mail upon either the party or an attorney who has appeared on his behalf." Here service was by certified mail upon the petitioner and his attorney. The statute is silent as to when service is complete, whether upon posting or upon receipt. Section 3394 of the Public Health Law provides for judicial review pursuant to CPLR article 78. "Application for such review must be made within sixty days after service of the order" (Public Health Law, § 3394, subd 2). Plainly the institution of the article 78 proceeding starts the judicial action. No judicial

---

* This section was amended in 1951 to substitute the word "law" for the phrase "statute or in the rules of civil practice" (L 1951, ch 554, § 2).

action is pending until commencement of the article 78 proceeding. (See *Matter of Knickerbocker Ins. Co. [Gilbert]*, 28 NY2d 57, discussing when an arbitration proceeding is "pending".) Although it was there held (28 NY2d, at p 63) that the notice to stay arbitration was similar to a paper in a pending action, the 10- (now 20-) day limit was held applicable, without reference to the three-day extension for mailing as in CPLR 2103 (subd [b], par 2), which apparently was not raised. Had the three-day-for-mailing extension been deemed applicable, it would have been dispositive. That case also discusses the question of when service is complete. "Receipt of the notice to arbitrate is significant only for the purpose of starting the adversary's time to serve his notice to stay." (28 NY2d, *supra,* at p 65.) (See *Monarch Ins. Co. v Pollack, supra; Matter of Beverly Cocktail Lounge [Emerald Vending Mach.], supra; Cosmopolitan Mut. Ins. Co. v Moliere, supra; Jackson v State of New York, supra;* cf. *Matter of Express Limousine Serv. v Hennessy, supra;* contra are *Matter of R.E. Assoc. v McGoldrick, supra,* and *Weingarten v Cohen, supra,* holding service complete when posted.) The better rule would appear to be that service of orders of administrative agencies is complete upon receipt in order to start the time for institution of an article 78 proceeding to run. The record here is barren of evidence as to the date of receipt. If it be assumed that receipt was the day after mailing by certified mail, petitioner remains barred by the statute, having commenced his article 78 proceeding 61 days after receipt of the commissioner's order. The judgment, Supreme Court, New York County (Klein, J.), dismissing the article 78 proceeding as time barred, should be affirmed, without costs.