■ In the Matter of MICHAEL CAMPBELL, Petitioner, v NEW YORK STATE HUMAN RIGHTS APPEAL BOARD et al., Respondents. — Proceeding initiated in this court pursuant to section 298 of the Executive Law to review a determination of the State Human Rights Appeal Board, dated January 21, 1982, which dismissed petitioner's appeal as untimely. The State Division of Human Rights (division) after investigating petitioner's claim that he was discriminated against because of his race and color by respondents New York State Department of Health and the State Civil Service Department, issued a determination of no probable cause to believe that he had been discriminated against as alleged. This determination was marked: "Dated and Mailed September 30,

1981". Petitioner thereafter filed an appeal with the State Human Rights Appeal Board (board) on October 20, 1981. The board, by determination dated January 21, 1982, dismissed the appeal as untimely. Petitioner then commenced this proceeding charging that the board erroneously dismissed his appeal since the division's "mailing occurred on October 5, 1981". It is conceded by petitioner that an appeal to the board must be filed with the board within 18 days of the mailing of the division's determination to the complainant, and that a failure to do so is a jurisdictional defect (Executive Law, § 297-a, subd 6, par c; 9 NYCRR 550.4 [c] [1]). Petitioner argues that respondents' proof is insufficient to establish that the date of mailing of the division's determination of "no probable cause" to him was September 30, 1981. We disagree. The affidavits of John W. Walker, Jr., regional director of the division, detailed the division's normal and routine business and office practice showing that the determination naturally would have been mailed and thereby creating a presumption that it was mailed on September 30, 1981, the date stamped thereon (*A. & B. Serv. Sta. v State of New York,* 50 AD2d 973, 974). Petitioner has offered no evidence rebutting this presumption. The finding of the board in this regard is sustained by the evidence. Admittedly, the notice of appeal was not filed with the board until October 20, 1981, two days after the time for filing had expired. As the defect is jurisdictional, the determination of the board must be confirmed and the petition dismissed (*State Div. of Human Rights v Xerox Corp.,* 57 AD2d 1069, 1070; *Matter of State Div. of Human Rights v Merante,* 35 AD2d 652, 653). Determination confirmed, and petition dismissed, without costs. Kane, J. P., Main, Casey, Mikoll and Yesawich, Jr., JJ., concur.