OPINION OF THE COURT
Frederick M. Marshall, J.
This is a motion by the respondent for dismissal of the petition in this CPLR article 78 proceeding on the ground it was not timely commenced pursuant to ECL 17-0909.
On March 21, 1985 the respondent reissued a water discharge permit originally granted to the petitioner in 1976. It was mailed the same day from the respondent’s office and received by the petitioner on March 26, 1985. This proceeding was instituted on May 24, 1985, 64 days after the permit was mailed.
ECL 17-0909 (2) provides that "[application for such review [of the Commissioner’s determination] must be made within sixty days after service in person or by mail of a copy of the determination”. The Attorney-General argues that the service is effective on the day of posting, and the petitioner’s action herein is four days late. The petitioner maintains it did not have notice of the final determination until March 26, 1985, the conceded day of receipt, and thus this proceeding is properly brought within the 60-day limitations period.
*1094 The issue thus presented is whether the date of mailing of the permit to the petitioner establishes completed service so as to commence the running of the time period in which to commence an article 78 proceeding.
It is undisputed that CPLR 2103 (b) (2), providing for extensions of time where service on a party is made by mail, has no applicability to administrative determinations prior to the commencement of an action or proceeding. (Matter of Fiedelman v New York State Dept. of Health, 58 NY2d 80; Matter of Express Limousine Serv. v Hennessy, 72 AD2d 864.)
In the present case, no action was pending when the respondent’s determination was mailed on March 21, 1985 and, consequently, CPLR 2103 has no application herein. (Monarch Ins. Co. v Pollack, 32 AD2d 819.)
With respect to when the time period should commence to run, it was held in Matter of Knickerbocker Ins. Co. (Gilbert) (28 NY2d 57, 63) that it commences not on mailing of the notice, but rather when it is received. It was reasoned that a party should have the full time period (in that instance, 10 days) to decide its course of conduct and that the time should not be shortened by the days it takes the mail to be delivered. The court said (p 64) that the "price for this fairness is whatever short time it takes for the mail to be delivered, a matter outside the control of persons who use but do not run the mails”.
Evidence of a routine business practice indicating that a specific document was mailed creates the presumption that it has been mailed. (A. & B. Serv. Sta. v State of New York, 50 AD2d 973, Iv denied 39 NY2d 709.) Yet the Legislature saw fit in 1982 to extend from 3 to 5 days the period superimposed on a number of time periods already provided for in the CPLR.
This undoubtedly was due to the fact that the widespread and invariably used practice of mailing papers often resulted in delivery several days later. In the instant case the permit posted on March 21, 1985 was not delivered until the 26th, a five-day period.
The conceptual difficulty in reconciling traditional mailing rules governing interlocutory and initiatory papers did not deter the Knickerbocker court from reaching what appears to be a fair and just result. Under the philosophy of the Knickerbocker case (supra), a party should have the full statutory period in which to determine whether to institute an article 78 proceeding. It would follow that the period should commence upon receipt of the permit by the petitioner.
*1095 A contrary holding would fail to take into account that by its very nature, mailing invariably has the effect of denying the addressee a portion of the time afforded him under the statute. The possibility of resultant prejudice to addresseés is thus avoided.
Accordingly, the motion is denied.