In the Matter of FRANK DUDISH, Appellant, v NEW YORK STATE DIVISION OF HUMAN RIGHTS et al., Respondents. [790 NYS2d 565]—

Cardona, P.J. Appeal from a judgment of the Supreme Court (Clemente, J.), entered April 30, 2004 in Albany County, which, in a proceeding pursuant to CPLR article 78, granted respondents' motions to dismiss the petition.

Petitioner filed a complaint with respondent New York State Division of Human Rights (hereinafter DHR) alleging employment discrimination after his application for a teaching certification to respondent State Department of Education was referred for a hearing (*see* 8 NYCRR part 83). By "determination and order after investigation" dated and mailed on November 28, 2003 (hereinafter determination), DHR dismissed the complaint for lack of jurisdiction and closed the case. The determination advised that, if petitioner wished to appeal, he could file with the court "a notice of [p]etition and [p]etition *within sixty (60) days after service of this [d]etermination.*" On February 2, 2004, petitioner commenced this CPLR article 78 proceeding challenging the determination. Respondents moved to dismiss the petition claiming, among other things, that the proceeding was untimely. Supreme Court dismissed the petition on that basis, resulting in this appeal.

The statute of limitations governing the commencement of a

CPLR article 78 proceeding challenging a determination of DHR is governed by Executive Law § 298, which states that such a proceeding must be brought "within sixty days after the service of such order." Petitioner argues that the limitations period should be measured from the date of his receipt of the determination, namely, December 5, 2003, and that, therefore, the proceeding was timely. However, while petitioner's confusion in that regard is understandable, the plain language of the statute uses the term service rather than receipt. Moreover, the pertinent regulations provide that, in addition to personal service, service of papers in DHR cases may be made by "registered or certified mail, or ordinary, first class mail" (9 NYCRR 465.2). Thus, respondents correctly maintain that service was complete upon mailing, which in this case was November 28, 2003 (*see generally Grinan v Santaella*, 89 AD2d 866 [1982]; *State Div. of Human Rights v Xerox Corp.*, 57 AD2d 1069, 1070 [1977]). Accordingly, inasmuch as the proceeding herein was not commenced within 60 days of the mailing of DHR's determination, we must conclude that Supreme Court properly dismissed the proceeding as untimely.

We have considered petitioner's remaining arguments and find them unpersuasive.

Crew III, Mugglin, Rose and Kane, JJ., concur. Ordered that the judgment is affirmed, without costs.